## Deering & *al., appellants, versus* Adams.

On an appeal from a decree of the Judge of Probate, the right in this Court to open and close belongs to the appellant.

By the R. S. chap. 105, sect. 25, any person " aggrieved" by a decree of the Judge of Probate, may appeal to this Court.

In legal acceptation, a party is aggrieved by such decree, only when it operates on his rights of property, or bears directly upon his interest.

From a decree of the Judge of Probate, appointing a guardian to a minor child, the trustees of a fund bequeathed for the benefit of such child have no authority to appeal.

APPEAL from a decree of the Judge of Probate, appointing the appellee to be guardian to certain minor children.

Edward D. Preble died possessed of property, real and personal, to the amount of several thousand dollars, leaving a widow and three minor children. His mother survived him, and, by her will, appointed the appellants as her executors, and entrusted to them the entire care and management of a large estate for the period of twenty years for the benefit of Edward's children. In the will, she appropriated funds for their education and support, and expressed it as her " particular will and request," that her executors should be their guardians.

The Judge of Probate, however, appointed the appellee to be the guardian. From the decree making that appointment, this appeal was taken, and reasons therefor were duly filed.

*G. F. Shepley,* for the appellee, submitted to the Court, that the open and close belonged to him.

SHEPLEY, C. J. — The decree of the Judge of Probate is not to be vacated, unless the appellants shall have shown, and this Court shall have found, that proper measures have been taken to make the appeal legal and effective. It is incumbent then upon the appellants to show, that the case is rightfully here. They are entitled, therefore, to the opening, and the close also will be theirs.

*W. P. Fessenden,* for the appellants, then presented the grounds upon which they claimed that the decree should be

vacated, and introduced evidence, and cited authorities and presented arguments at much length in support of their views; contending, that the affairs of the children were well attended to by the appellants, and that the appointment of any guardian for them was unnecessary and inexpedient.

*G. F. Shepley* and *Clifford,* for the appellee.

We present an objection, in its nature preliminary. It is that the appellants had no legal right to enter the appeal or to maintain it.

The right of appeal is founded upon R. S. chap. 105, sect. 25. That gives the right only to persons " *aggrieved*" by the decree. We contend that the appellants were not " *aggrieved*" within the intendment of that provision. They appeal, in their capacity of executors and trustees of Mrs. Preble, and show that, by her will, they are appointed guardians. But she was not the mother of these minor children, and her appointment of testamentary guardians was unauthorized and merely void.

The appellants are not next of kin to Edward D. Preble, nor creditors of his estate, nor do they represent such. And this appellee, by being appointed guardian of the children of Edward, and thereby entrusted with the management of the estate which they inherit from him, cannot claim, and does not claim, any right to control or interfere with the estate of Mrs. Preble, of which it is admitted the appellants have the entire and exclusive management.

The persons indicated by the statute under the term " aggrieved," are not those who may happen to entertain *desires* upon the subject; but those only who have rights, which may be enforced at law, and whose pecuniary interest might be established or divested in whole or in part by the decree. *Penniman* v. *French,* 2 Mass. 140; *Boynton* v. *Dyer,* 18 Pick. 4; *Downing* v. *Porter,* 9 Mass. 386; *Swan* v. *Picquet,* 3 Pick. 444; *Stebbins* v. *Lathrop,* 4 Pick. 33; *Smith* v. *Bradstreet,* 16 Pick. 264; *Wiggin* v. *Sweat,* 6 Metc. 194.

We submit then that these appellants were not " aggrieved." Neither as individuals or in their representative character,

have they any interest, nor any rights to be enforced, nor can they be affected by the decree.

*Fessenden*, in reply. —

If these executors are not so aggrieved as to be authorized to take an appeal, no person whatever can be. But in point of fact, are they not interested?

They have a property, over $140,000, to be managed for these children. The right to appeal does not require a personal interest; an official interest is enough. A guardian may appeal for his ward; may be aggrieved for her. These trustees are in like manner interested for the children. There is a fiduciary relation, which may well justify the appeal. *Bryant* v. *Allen*, 6 N. H. 116.

HOWARD, J. — The appellants are executors of the will of Mrs. Preble, and entrusted with the entire care and management of her estate, for the period of twenty years, for the benefit of the three children of her deceased son Edward D. Preble, according to provisions and directions contained in the will. The executrix expresses it as her "particular will and request," that the same persons who are her executors shall also be the guardians of these children, who were her only grandchildren; and as her "express wish and desire," that no difficulty should be suffered to arise on account of the special provision constituting the same persons executors and guardians. Directions are contained in the will for the management of the estate, and for the application of so much of the income and profits, by the "executors and guardians named," as should be necessary and proper for the education and support of the children; and for the division, equally, of the whole estate among them, at the expiration of twenty years, and that it "shall not vest in them or either of them, before the end of that period in any manner."

The respondent was appointed guardian of these children by the Judge of Probate for this county; having been nominated by the eldest, who is over fourteen years of age, as her

guardian.   The mother of the children is wife of the respondent.

It appeared that Edward D. Preble left estate, real and personal, to the value of several thousand dollars, and that the appellants had supplied means for the support and education of his children, since the death of his mother, agreeably to the provisions of her will.

An exception is taken that the appellants are not "aggrieved, by any order, sentence, decree or denial of the Judge of Probate," appointing the guardian, within the meaning of the R. S. chap. 105, sect. 25, and that they have no right to prosecute the appeal.

Fathers may, by last will, appoint guardians to their minor children, until the age of fourteen years.   R. S. chap. 88, sect. 2.   But grandparents have no power to appoint guardians for their grandchildren; although they can bestow their estates upon them on such terms or conditions as they please.

Mrs. Preble could not appoint the appellants as testamentary guardians, nor could they, as executors of her estate, be guardians to any minors interested in that estate.   R. S. chap. 110, sect. 6.   They were not, therefore, testamentary guardians of the children; and not being heirs next of kin, or in any manner interested in the estate of Edward D. Preble, they can have no pecuniary interest, either in their personal or representative characters, which is affected by the appointment of the respondent, and were not aggrieved by the decree of the Judge of Probate.   In legal acceptation, a party is aggrieved by such decree, only when it operates on his property, or bears upon his interest directly.   *Smith* v. *Bradstreet,* 16 Pick. 264; *Wiggin* v. *Swett,* 6 Metc. 194; *Bryant* v. *Allen,* 6 N. H. 116.

The construction of the will, and questions of expediency addressed to our discretion, at the argument, and embraced in the reasons of appeal, are not before us, and cannot, properly, be considered.

*The appeal must be dismissed.*