Swackhamer v. Kline's Administrator.

SWACKHAMER, appellant, and KLINE'S ADMINISTRATOR, respondent.

1. A party having no interest or claim under the intestate, in lands ordered to be sold for the payment of his debts, but setting up a claim thereto by title paramount, is not entitled to appeal from the order of sale.

2. He only, who is aggrieved by such order, has the right to appeal and a party aggrieved is one whose pecuniary interest is directly affected by the decree, or whose right of property may be established or divested thereby.

3. The Orphans Court cannot try title to lands, under proceedings for sale thereof for payment of debts.

On appeal from an order of the Orphans Court of Hunterdon county.

*Mr. G. A. Allen,* for appellant.

*Mr. J. N. Voorhees,* for respondent.

THE ORDINARY.

This is an appeal from an order of the Orphans Court of the county of Hunterdon, directing that certain land of Peter P. Kline, deceased, an intestate, be sold to pay his debts. The application for the order was made by the administrator, on representation of the insufficiency of the personal estate. The appellant appeared before the Orphans Court at the time fixed in the order to show cause, and opposed the making of the order to sell, on the ground that he, at the time of Kline's death, was the lawful owner of the land mentioned in the petition filed by the administrator ; and that Kline not only did not die seized of it, but never was seized of it.   In proof of this claim, he laid before the court his deeds of conveyance for the property.   The court, however, notwithstanding this action on the part of the appellant and his claim of ownership, ordered that the land be sold.   From this order, Swackhamer appealed.   Motion is now made to dismiss the appeal, on the ground that he has no right of appeal in the premises.

The act " making lands liable to be sold for the payment of debts," (*Nix. Dig.* 855,) provides that, on such applications to the Orphans Court as that above referred to, notice shall be given to all persons interested in the lands, tenements, hereditaments, and real estate of the testator or intestate ; that the court shall, if they find that the personal estate is insufficient to pay the debts, direct the executor or administrator to sell the whole, if necessary, of the lands, tenements, hereditaments, and real estate of the testator or intestate, or so much thereof as will be sufficient for the purpose.   It also provides that the conveyance of the executor or administrator shall vest in the purchaser all the estate that the testator or intes-

tate was seized of at the time of his death, if the order be obtained within one year thereafter; but, if not, then all the estate that the heirs or devisees of the testator or intestate had when the order for sale was made.

The appellant is not a person "interested in the lands, tenements, hereditaments, and real estate of which the intestate died seized." He has no interest in the sale of any of the lands of the intestate. He is neither a creditor nor an heir; indeed, he claims to be interested in the proceedings only because of his title to the land ordered to be sold. The Orphans Court cannot try the title to land in such proceedings. *Hewitt* v. *Hewitt*, 3 *Brad. Sur. R.* 265. The conveyance which the administrator may make, in pursuance of the sale authorized by the order in question, will pass only the estate, if any, which the intestate had in the property at the time of his death, if the order was made within a year therefrom; or, if it was not obtained within that time, that, if any, which his heirs had in it when the order was made. No right or title of the appellant can be affected, in any degree, by the sale. As to him, the proceedings are *res inter alios acta*. The constitution of this state, indeed, provides that "all persons aggrieved by any order, sentence, or decree of the Orphans Court, may appeal therefrom, or from any part thereof, to the Prerogative Court;" but the appellant is not, within the meaning of the constitution, a person aggrieved by the order in question. A party aggrieved is one whose pecuniary interest is directly affected by the decree; one whose right of property may be established or divested by the decree. *Wiggin* v. *Swett*, 6 *Metc.* 194; *Bryant* v. *Allen*, 6 *N. H.* 117; *Shields* v. *Ashley's Adm'r*, 16 *Mo.* 471; *Richardson* v. *Richardson*, 2 *Root* 219; *Lewis* v. *Bolitho*, 6 *Gray* 137; *Deering* v. *Adams*, 34 *Maine* 41; *Swan* v. *Picquet*, 3 *Pick.* 443. In Richardson *v.* Richardson, an appeal was taken from a decree of the Probate Court, under circumstances similar to those of the present case. The statute under which the appeal was taken, gave an appeal to any person aggrieved. The court, in dismissing the appeal, said, that

if the appellants had shown themselves to have been heirs-at-law of the intestate, or that the deed under which they claimed was voluntary, and would be affected by the allowance of the debts or the sale by the administrator, they would have entitled themselves to the appeal; but, as their father, under whom they claimed, was a purchaser from the intestate for valuable consideration, it did not appear how they were interested, or could be affected by the doings of the Court of Probate, or of the administrator.

The appeal will be dismissed, with costs.