FIDELITY TRUST COMPANY ET AL. *v.* DOWNING ET AL.

[No. 28,173.  Filed October 11, 1946.]

458

*Joseph & Dann*, of Indianapolis, and *Homer Elliott*, of Martinsville, for appellants.

*Snethen & Summers*, of Indianapolis, for appellees.

STARR, C. J.—Appellees commenced this action against the appellants to enjoin them from completing the construction of a building on a parcel of real estate located in the City of Indianapolis and to remove the portion of the structure then completed. From a judgment in favor of the appellees granting an injunction this appeal is prosecuted.

Appellees' complaint alleges that the appellant, Fidelity Trust Company, Trustee, at all times mentioned therein was the owner of a certain parcel of real estate in the City of Indianapolis and that there was in force in said city a zoning ordinance dividing the city into zones or districts and regulating and restricting the owners of properties in each district in said city as to the uses of such property and the nature of structural improvements that could be erected thereon. The complaint alleges that pursuant to such zoning ordinance the involved property is zoned in a dwelling house district; that the defendants have started the erection of a frame structure on said real estate which is not of the size or character which could be used or occupied for residential or dwelling house purposes. From the other allegations in said complaint it can be gathered that said structure is not of a kind that can, under the ordinance, be constructed in the district and is a building designed for a nonconforming use; that the plaintiffs each own property within the district where said building is being constructed and to allow said structure to be built will cause each of them an irreparable damage.

The existence of this ordinance is admitted. It provides among other things that a nonconforming use

existing at the time of its passage may be continued, but that a building arranged or designed or devoted to a nonconforming use at the time of the passage of the ordinance may not be *reconstructed* or *structurally alterated* to an extent exceeding in aggregate cost during any 10-year period 60 per cent of the assessed value of the building unless the use of said building is changed to a conforming use, but that nothing in said ordinance shall prevent the *restoration* of such building if wholly or partly destroyed by fire, explosion, act of God, or act of the public enemy subsequent to the passage of the ordinance.

The undisputed evidence discloses that at the time of the adoption of the zoning ordinance by the City of Indianapolis a small building was located on the premises in question designed and used for business purposes, namely, a refreshment stand; that by the terms of the ordinance these premises were zoned for residential purposes; that the appellant, Fidelity Trust Company, Trustee, at all times herein mentioned held said property for the use and benefit of one Mr. Jackiel W. Joseph; that said building was never used for purposes other than business and that the same was occupied for several years. Sometime in the month of January, 1943, this building was vacated and remained vacant until its destruction as hereafter set out.

Appellees produced evidence that on April 8, 1944, this building collapsed; that on that date the weather was normal and that there was nothing unusual to cause this building to fall; that just prior to this happening the east door of the building had hung open for several weeks and that the building was leaning badly and was in a very dilapidated condition. One of the appellees' witnesses, who was the city building commissioner, testified that through a definite process

of elimination and disintegration there was not much left of the building just prior to its collapse; that the boards had fallen from it, very little roofing was left on the same, and that it leaned at least 20 degrees toward the street and was then being supported by props.

The appellant introduced certain evidence to the effect that the destruction of this old building was caused by an act of God in that the same was destroyed by a windstorm.

The undisputed evidence further discloses that on May 6, 1944, Mr. Joseph obtained a building permit for the rebuilding of the collapsed building in which it was described as a refreshment building. This permit was obtained from the City of Indianapolis through the office of the City Controller and was signed by the said controller and the mayor of said city and approved by the commissioner of building. Shortly thereafter, work on said improvement was begun and at the time of the rendition of judgment herein a substantial portion of this new building had been completed. The evidence discloses that this new building occupied the same ground space as the old building; that it was somewhat taller, constructed of different materials, and the arrangement of the doors and the interior was somewhat different than the old building. Appellants by proper assignment of errors contend that the formula provided in the ordinance for measuring the amount in dollar cost which the owner of a nonconforming use may spend in the aggregate in a given 10-year period in reconstructing or structurally altering the old building is unconstitutional and void being contrary to Article 1, § 21 of the Constitution of the State of Indiana and Amendment 14, § 1 of the Constitution of the United States for the reason that the said formula

would amount to a taking of property without just compensation or due process of law.

It will not be necessary for us to decide this question for the reason that no attack has been made on any other portion of said ordinance. From the evidence produced by the appellees and from the undisputed and stipulated facts herein the trial court could very well have found that what was being attempted by the appellants which was enjoined was not reconstructing or structurally altering a structure. This evidence could well support the inference that the old building was completely worn out and that its existence had terminated due to that fact. If this were the fact then the new building would not be a reconstruction of the old building, but would be an entirely new improvement and would extend the use beyond its normal life. The provisions of this ordinance were not intended to grant the privilege of reconstruction that would permit the owner to extend his use, but rather it was intended to permit said building and its use to be maintained during its remaining normal life.

Appellants' next proposition is that the appellees had not exhausted their administrative remedy. Sections 48-2304, and 48-2305, Burns' 1933, and § 22 of the zoning ordinance itself provide for an appeal from any order, decision or determination of an administrative board or official charged with the enforcement of said ordinance; that due to the fact that the appellees had not appealed from the action of the building commissioner of Indianapolis in granting a building permit for the construction of the building in question, they had not exhausted their administrative remedies prior to the bringing of this suit, and it was error to grant injunctive relief until the appeals, as provided by the statute and ordinance, had been

exhausted. With this proposition we cannot agree. The appellees were not parties to the building permit. Said § 48-2304, specifically provides among other things: "Such appeal may be taken by any person aggrieved or any officer . . . of such city." It would seem to us that the term *person aggrieved* is not broad enough to include anyone other than the person directly affected by the action of an administrative official or the board charged with the enforcement of the ordinance. To hold otherwise would be to hold that every property owner in any particular district would be compelled to take notice of every action of such officer or board. It has even been held that the issuance of a permit for the building of an unlawful structure is not binding upon the city whose officer issues the same. *City of Indianapolis* v. *Ostrom Realty, etc., Co.* (1932), 95 Ind. App. 376, 176 N. E. 246. See also *City of Lewiston* v. *Grant* (1921), 120 Me. 194, 113 A. 181.

Appellees' right of action has no relation to any provisions relating to appeals of the ordinance or statute under which it is drawn. By § 28, of the zoning ordinance in question a building erected, raised, remodeled or converted, or premises used in violation of any of its provisions is declared to be a common nuisance which may be abated in such matter as nuisances are now or may hereafter be abated under existing law, and that all provisions of the ordinance or orders by the board of zoning appeals may be enforced by injunction.

It has been held by this court that a municipal corporation although authorized by its charter to declare what shall constitute a nuisance, may not declare that to be a nuisance which in fact is not unless it is created or erected after the adoption of a valid ordinance and in defiance thereof. *City of Evans-*

*ville* v. *Miller* (1897), 146 Ind. 613, 45 N. E. 1054. *The* *First National Bank of Mt. Vernon* v. *Sarlls* (1891), 129 Ind. 201, 28 N. E. 434. Here it is shown by appellees' evidence that the erection of the building if permitted will be an express violation of a valid municipal ordinance. Although it would not be a nuisance *per se,* an individual who shows that the erection of a building is forbidden by a valid ordinance and shows in addition that its erection will work special damages to him and his property, is entitled to relief by injunction. *The* *First National Bank of Mt. Vernon* v. *Sarrls, supra;* 54 A. L. R. 366 Note.

Appellees introduced a great amount of evidence to prove that the business which was conducted in the old building was a nuisance affecting each of them specially. Whether or not there was sufficient evidence to find that the new building itself or the proposed use thereof was a present or anticipated private nuisance specially affecting the appellees and causing them irreparable damages was not raised by the appellants under their Propositions, Points and Authorities set out in their brief. We are therefore not called upon to decide this question although appellants under that portion of their brief devoted to "argument" have touched upon this question. *Biggs' Estate* v. *Hicks* (1946), 116 Ind. App. 479, 65 N. E. (2d) 492.

Judgment Affirmed.

NOTE.—Reported in 68 N. E. (2d) 789.