MANN *v.* CITY OF TERRE HAUTE ET AL.

[No. 29,864. Filed January 12, 1960.]

246

*Berry, Kincade & Allen,* of Terre Haute, for appellant.

*Frank P. Crawford,* City Attorney, of Terre Haute, for appellees.

ARTERBURN, C. J.—This appeal was transferred from the Appellate Court to this Court under the provisions of Acts 1901, ch. 247, §13, p. 565, being §4-217, Burns' 1946 Replacement.

This is an action brought to enjoin the issuance of revenue bonds by the City of Terre Haute for the purpose of building a sewage treatment and disposal plant. The Stream Pollution Control Board of the State of Indiana, under the Acts of 1943, ch. 214, §§1-18 (Burns' Indiana Statutes Annotated 1933, 1951 Replacement, §§68-517, *et seq.*) made a final order on December 14, 1945, finding that the Wabash River was polluted by sewage from the City of Terre Haute and entered a cease and desist order against such pollution of public

waters. The City of Terre Haute, pursuant to such orders, proceeded to raise the money for the construction of a sewage disposal plant by the issuance of the revenue bonds in question. It is conceded in oral argument by the appellant that since no appeal was taken from the order of the Stream Pollution Control Board of the State of Indiana within the time provided by the statute upon the question of stream pollution, that order is final and binding upon the parties and the City of Terre Haute on that issue. However, appellant claims the Act in question creating the Stream Pollution Control Board of the State of Indiana is unconstitutional in that its enforcement by the Board deprives the appellant of any opportunity to question or remonstrate against *the plan of financing* the construction and operation of a sewage disposal plant. We have examined this statute and find no provision therein which gives the taxpayers and property owners interested in such project any statutory proceeding for a review as to the reasonableness or desirability of the proposed public works. *State ex rel. City of Marion* v. *Grant Circuit Court* (1959), 239 Ind. 315, 157 N. E. 2d 188.

The Administrative Adjudication and Court Review Act of 1947 (Burns' §§63-3001—63-3030) is not applicable in this case, since it post dates the order here involved of 1945. *City of Plymouth* v. *Stream Pollution Control Board* (1958), 238 Ind. 439, 151 N. E. 2d 626.

We first point out that the financial proposal involved here is not to be accomplished by a general obligation bond issue, which might or might not be in excess of the constitutional limitations, and where the law places upon the State Board of Tax Commissioners the duty to review such matters. Acts 1943, ch. 214, §12, p. 624, being §68-528, Burns' 1951 Replacement.

It is well settled that revenue bonds, as proposed in this case, do not constitute a direct obligation of a municipality, and consequently, constitutional or statutory debt limitation features have no application. *Foltz, Van Camp Hdw., etc.* v. *City of Indpls. et al.* (1955), 234 Ind. 656, 103 N. E. 2d 650; *Martin* v. *Ben Davis Conservancy District* (1958), 238 Ind. 502, 153 N. E. 2d 125; *Edwards* v. *Housing Authority of City of Muncie* (1939), 215 Ind. 330, 19 N. E. 2d 741; *Dept. of Pub. Sanitation* v. *Solan* (1951), 229 Ind. 228, 97 N. E. 2d 495; *Book* v. *Board of Flood Control Commissioners* (1959), 239 Ind. 160, 156 N. E. 2d 87.

We have held that where the legislature has failed to provide for a statutory remedy of appeal sufficiently broad, the courts nevertheless will grant such a judicial review, since each litigant is entitled to an appeal. *State ex rel. City of Marion* v. *Grant Circuit Court* (1959), 239 Ind. 315, 157 N. E. 2d 188; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399.

This does not mean that the courts will review the administrative action of any board, commission or governmental corporation for the purpose of substituting its opinion or judgment for that of the board in discretionary matters within the jurisdiction of such an administrative body. The courts will, however, review the proceedings to determine whether procedural requirements have been followed and if there is any substantial evidence to support the finding and order of such a board. The courts will also review the proceedings to determine whether or not the order of the board, its judgment or finding, is fraudulent, unreasonable or arbitrary, if requested. *City of Plymouth* v. *Stream Pollution Control Board* (1958), 238 Ind. 439,

151 N. E. 2d 626; *Pub. Ser. Comm. et al. v. City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308; *Pub. Serv. Comm. of Ind. et al. v. Ind. Tel. Corp.* (1957), 237 Ind. 352, 146 N. E. 2d 248; *State ex rel. Pub. Serv. Comm. v. Boone C. C., etc.* (1956), 236 Ind. 202, 138 N. E. 2d 4, 139 N. E. 2d 552.

This may be done by a proceeding in equity asking for an injunction against the alleged erroneous action of the board, commission or governmental corporation. The appellant has done that in this case in its complaint against the city. In addition to raising the constitutional questions the complaint, by specific allegation, has raised the issue of unreasonableness and arbitrary action of the City by paragraphs 12 to 12h, both inclusive, which stated among other similar specific allegations that the "improvement is not required by the public needs" and "the cost of the proposed improvement would be excessive considering the value of the services to be rendered to the community affected thereby." Those allegations were denied by the answer and thus were "in issue." So far as the record shows, this issue was heard by the court and decided adversely to the appellant. It appears, therefore, that the appellant has been heard upon those issues. There is no specification in the record as to any alleged error in the court's refusal to hear evidence upon those issues. No error is claimed in the motion for a new trial on the ground that the evidence was not sufficient to sustain the decision and judgment of the trial court.

An objection was made to the introduction of appellees' Exhibit C by the appellant. This concerned the order of the Stream Pollution Control Board with reference to the size of the project and details in connection therewith. This was pertinent to the issues raised by the appellant.

The appellant also claims error by reason of the trial court's refusal to grant a continuance, based upon affidavit that one of the counsel for the appellant was unable to engage in the trial because he had a case set for trial in the United States District Court at the same time. Appellant says:

"It is a matter of common knowledge to the bar in the State of Indiana that the U. S. District Courts habitually pre-empt the time of counsel as a matter of right and will not entertain motions for continuance grounded on state Court settings."

Of course there is no legal basis for such a condition. The state trial courts are courts of general jurisdiction, while the United States District Courts are trial courts of limited jurisdiction. We know of no law which, constitutional or otherwise, entitles them to preempt the time to the exclusion of the proceedings in state courts. We can only assume that a United States District Court is wise and just enough to fairly consider the conveniences or necessities of attorneys and witnesses in proceedings in state courts if a proper showing is made to the District Court. Under a proper showing both trial courts should, and we are sure will, consider fairly the requirements of the parties when a conflict is shown to exist in their respective calendars. Appellant has failed to make a showing of any priority of the District Court over the trial setting in this particular instance—no grounds for a continuance were presented.

Appellant claims misconduct on the part of the special judge herein in that he associated himself with counsel for the appellee in this case, who represented the City of Terre Haute in an annexation proceeding pending at the time the special judge had his decision under advisement. The facts reveal that the

special judge had been attorney for some time for the School City of Terre Haute, and as a result of the direct interest of the school corporation in the annexation proceedings, he consulted with and worked with the attorneys for the City of Terre Haute in the annexation proceedings. On the other hand, the appellee shows that the special judge, as a practicing attorney during the same period of time, associated himself with the appellant as an attorney. There is no showing that there was anything improper in such action in connection with the case before us or that the parties were prejudiced thereby.

The judgment is affirmed.

Jackson and Bobbitt, JJ., concur.

Landis, J., concurs in result.

Achor, J., not participating because of illness.

NOTE.—Reported in 163 N. E. 2d 577.