SOUTHPORT BOARD OF ZONING APPEALS ET AL. *v.*
SOUTHSIDE READY MIX CONCRETE, INC., ET AL.

[No. 29,985. Filed June 28, 1961. Rehearing denied October 2, 1961.]

T. L. Davis, Magley S. Davis, of counsel, *James C. Colvin* and *William H. Williamson,* all of Indianapolis, for appellants.

*Henry M. Coombs* and *Frank E. Spencer,* both of Indianapolis, for appellees.

ARTERBURN, J.—This appeal consists of two cases which were consolidated for trial purposes. The first in order of time was filed by the appellants, Clifford Johnson, et al., against three individuals, William A. Norwood, William T. Norwood and James Howard Norwood to abate a nuisance and for a permanent injunction against the same. Thereafter Southside Ready Mix Concrete, Inc., (which succeeded to the interests of the three Norwoods) filed its complaint for an injunction to prohibit the Southport Board of Zoning Appeals from interfering with its erection and construction of a concrete batching plant on certain lots in the Town of Southport, Indiana. Johnson, et al. were permitted to intervene in the second injunction suit against the Board of Zoning Appeals.

The trial court decided in favor of Norwood, et al. and against Johnson, et al. in the first case and in favor of Southside Ready Mix Concrete, Inc. in the second case, and issued a permanent injunction against the Southport Board of Zoning Appeals from asserting any jurisdiction to review the issuance of a building permit for the construction project. The questions for review are presented here by way of a

motion for a new trial filed by Johnson, et al. and Southport Board of Zoning Appeals. The trial court made only a general finding and judgment in each case and made no special findings of fact. In reviewing the motions for a new trial we find that they are similar in most respects and may be considered together.

Specification 1 states that the finding of the court is not sustained by sufficient evidence and is contrary to law.

The second specification in the motion for a new trial complains that the court refused to admit in evidence plaintiff's Exhibit 19, designated as Ordinance 38-A of the Town of Southport, amending General Ordinance 38.

The remainder of the specifications do not present any questions for our consideration. Most of them are in the general terms "the court erred in finding that." Since there was no special finding, such statements are mere conclusions which might possibly be drawn from a general finding. Other specifications are to the effect that the court "failed and refused to take judicial notice of the Acts of 1905"; "the court erred in finding the Acts of 1955 . . . prohibits the Town Board of Southport from enacting Ordinance 38-A . . ." etc. There are many other specifications of the same general nature.

The motions for a new trial fail to specify how these alleged errors were raised at trial. Such claimed errors must be specified with sufficient certainty that the trial court may review the particular objection before we, on appeal, are asked to do so. At the same time, the same particu-

larity is required for a review on appeal in fairness to the trial court and the parties concerned. 22 I. L. E., New Trial §121 (1959).

We therefore come to a consideration of whether or not in these injunction suits the decision below is contrary to law in the first case and sufficient to support the decision of the trial court in the second. On appeal, it is well settled that this Court will consider only evidence which tends to support the finding, together with reasonable, natural and logical inferences which may be drawn therefrom. *Watson* v. *Watson* (1952), 231 Ind. 385, 108 N. E. 2d 893; *Davis, Exr.,* v. *Babb* (1919), 190 Ind. 173, 125 N. E. 403; 2 I. L. E., Appeals §572 (1957).

The evidence shows that the appellees procured a building permit on December 14, 1959, for the construction of a concrete batching plant on certain lots in the Town of Southport, Indiana. The land in question had been used by the Norwood partnership for storage of equipment and materials in their construction business since it was acquired in September 1958. In January 1960 the partnership was converted into a corporation under the name of Southside Ready Mix Concrete, Inc., and succeeded to all rights of the partnership, including the permit.

It is agreed by the parties that the land where this business was located was zoned as U-2 for a commercial use. The appellants, objecting to the concrete mixing use, sought to appeal to the Board of Zoning Appeals in February 1960 from the granting of the building permit. The building permit was procured under the provisions of Ordinance 38 of the Town of Southport, which reads in part as follows:

> "Section 11. This ordinance shall be administered by the Town Engineer under the rules and regulations of the Board of Zoning Appeals. . . ."

The matter is further complicated here by a purported amending Ordinance 38-A, which was adopted December 7, 1956, and which, by its wording, required the approval of the Board of Zoning Appeals for a building permit. The appellants contend that the purported amending Ordinance 38-A was never in effect for a number of reasons, among them being a failure to give the statutory ten days' notice.

Section twenty of Burns' Ann. St. §48-301 (1950 Repl.) provides that every ordinance imposing a penalty for its violation shall be published at least ten [10] days before the same shall be effective. Ordinance 38 and the purported Ordinance 38-A provide that each shall be published at least ten days before it takes effect. The purported Ordinance 38-A was adopted on December 7, 1956. It is further shown that notice by publication and posting was given, but that this notice was given *prior* to December 7, 1956. There may be some slight conflict in the evidence upon the question of posting, but we must accept that most favorable to the trial court's judgment. The position of the appellants is that a purported ordinance may be published prior to its adoption under the statute. With this contention we cannot agree. The purpose of the publication is to inform the public with reference to any ordinance that has been adopted. If it has not been adopted at the time of its publication, it is not an ordinance, and any such publication is ineffective. The interpretation asked by the appellants could lead to the publication of proposed ordinances at any time prior to their adoption, and whether adopted or not. Such a rule would defeat the very purpose of the statute requiring publication, namely, to inform the public of the effectiveness of the adopted ordinance.

The purported Ordinance 38-A, being eliminated from our further consideration, we come next to the requirements of Ordinance 38 with reference to appeals to the Board of Zoning Appeals.

It is the contention of the appellees that statutory legislation enacted in 1955 circumscribed and superseded any provisions in the ordinance with reference to appeals therefrom to the Board of Zoning Appeals.

The zoning statutes and procedures have not been drawn with the perspicuity and clarity which is required. It is evident from this case that such statutes are in a sense a conglomeration, part of which have been amended, repealed and modified from time to time, incorporating certain ordinances in effect upon certain dates. We have had to decide this case in the face of such conflicts and confusions.

Reference is made to Acts of 1955, ch. 283, §2, (Burns' Ann. St. §53-902 [1960 Cum. Supp.]), which reads as follows:

> "In such counties existing city and county plan commissions and boards of zoning appeals shall exercise *only such powers* and perform such duties *as are specifically conferred by this Act.*" (Our italics)

Under §3 (Burns' Ann. St. §53-903), "city" includes towns.

It is contended that the Act makes no provision for appeals from the Town Engineer under Ordinance 38, but the Act merely provides for certain appeals as limited and specified therein. It is pointed out that the appeal provisions set forth in Burns' Ann. St., §53-970 (1960 Cum. Supp.) are not applicable to building permits, but apply only to provisions of zoning ordinances.

Under this Act, so far as we are concerned, Section 70 (§53-970, *supra*) provides for an appeal pursuant to the provisions of Sections 38 through 47 (Burns' Ann. St. §§53-938—53-947 [1960 Cum. Supp.]). These sections appear to concern controversy over zoning areas and zoning variances, as distinguished from what are commonly known as building permits. Building permits are dealt with in Section 55 of the Act and not in Sections "38 through 47" from which appeals may be taken under the Act. Section 55 states in substance that where an ordinance has been enacted "requiring the procurement of a building permit for the erection, alteration or repair of structures . . . and designating the official or employee of the city . . . as the official authority for issuing of such building permits," such ordinances shall not be invalidated by the Act.

It appears to us that the Acts of 1955 left the authority to issue building permits with the Town Engineer, but provided no appeal therefrom to the Board of Zoning Appeals—in fact, it specifically excluded under Section 2 any appeals other than the cases named. In such a situation under *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, the remedy by review from an arbitrary or illegal act of the building inspector would lie with the courts. See also: *Pub. Ser. Comm. et al.,* v. *City of Indianapolis* (1956), 235 Ind. 70, 83, 131 N. E. 2d 308.

The aggrieved party may obtain such an "appeal" by asking that the Board be restrained from enforcing its alleged arbitrary order or proceeding.

In *Mann* v. *City of Terre Haute* (1960), 240 Ind. 245, 163 N. E. 2d 577, 579-80, we said:

"We have held that where the legislature has failed to provide for a statutory remedy of appeal sufficiently broad, the courts nevertheless will grant such a judicial review, since each litigant is entitled to an appeal. (cases cited) . . .

"This may be done by a proceeding in equity asking for an injunction against the alleged erroneous action of the board, commission or governmental corporation. The appellant has done that in this case in its complaint against the city."

Such a review, however, of an administrative action in the court is limited to an examination of whether there is any substantial evidence to support the finding and order of such an official. The courts will also review the proceedings to determine whether or not the administrative action is fraudulent, unreasonable or arbitrary, if requested.

The issues before us turn primarily upon the interpretation and validity of the ordinances in question. No issue is made here of fraudulent, unreasonable or arbitrary action on the part of the Town Engineer.

Appellants (Johnson, et al.) asked and were permitted to intervene in the suit against the Board of Zoning Appeals, and having submitted voluntarily to the jurisdiction of the court, they are bound thereby. The finding of the court has been against the appellants (Johnson, et al.) in the action brought to enjoin the maintenance of an alleged nuisance and in the second case in which the same appellants intervened in the injunctive proceedings against the Board of Zoning Appeals. So long as there is substantial evidence to sustain the general finding and judgment of the trial court in this case on that issue, we cannot reverse the trial court. Although there is conflicting evidence on both

sides upon these issues, the evidence is substantial and sufficient here to sustain the judgment of the trial court. For reasons previously stated, the judgment of the trial court in each case must be affirmed.

Judgments affirmed.

Landis, C. J., Achor, J., concur.

Jackson, J., concurs in result.

Bobbitt, J., concurs and dissents with opinion.

### Concurring and Dissenting Opinion

BOBBITT, J.—I concur with the majority opinion in holding that Ordinance 38-A is invalid, and in affirming the judgment of the trial court against appellant, Southport Board of Zoning Appeals, but dissent from the remainder of the opinion.

*First:* Section 11 provides that the ordinance shall be administered by the Town Engineer, and any person "claiming to have been adversely affected" by any decision of the Town Engineer, made in the enforcement of the ordinance, may appeal to the Board of Zoning Appeals.

Appellants, Johnson, et al., not being parties to the building permit are not, within the meaning of the ordinance, "adversely affected" by the action of the Town Engineer in issuing the permit, and they could not, therefore, avail themselves of the administrative remedy of appeal as provided in the ordinance. *Fidelity Trust Co.* v. *Downing* (1946), 224 Ind. 457, 463, 68 N. E. 2d 789.

I concur in the affirmance of the judgment against appellant, Southport Board of Zoning Appeals, because the appellants, Johnson, et al., were not proper

parties to appeal, as provided by the ordinance, from the issuance of the building permit by the Town Engineer.

*Second:* The building permit here was issued **under** the provisions of Ordinance 38 of the Town of Southport. Section 2 of such ordinance provides,

> "The territorial area comprising the Town of Southport is hereby classified as (1) Residential, (2) Commercial. All trade and commercial structures shall be in keeping with the community, to complement, but not degrade, existing standards; and all plans of and concerning such structures and calling shall be subject to approval by the Zoning Board of Appeals."

The plans for the structure here involved were never submitted to the Board of Zoning Appeals as provided by Section 2, *supra.* The issuance of the permit by the Town Engineer, under the circumstances here, did not endow it with legality. *City of Indianapolis* v. *Ostrom Realty, etc., Co.* (1932), 95 Ind. App. 376, 384, 176 N. E. 246.

In my opinion the building permit under which appellee, Southside Ready Mix Concrete, Inc., has attempted to construct a concrete batching plant is void for failure to comply with the requirements of the zoning ordinance and is subject to attack in a proceeding to enjoin the construction of the plant. *Fidelity Trust Co.* v. *Downing, supra* (1946), 224 Ind. 457, 68 N. E. 2d 789. The parties herein have pursued that remedy.

*Third:* Section 17 provides, *inter alia,* "Any **build**ing erected, . . . in violation of any provision of this ordinance or of the requirements thereof, is hereby declared to be a nuisance and as such nuisance it may be abated in such manner as nuisances are

now, or may hereafter be abated under existing law. All the provisions of this ordinance or orders of the Board of Zoning Appeals, may be enforced by injunction or other proceedings according to law."

Section 17 of Ordinance 38, as above noted, declares that any building erected in violation of any of the provisions or requirements thereof is a nuisance and may be abated in such manner as may be provided by law.

If the construction of such plant here involved is permitted, under the circumstances as shown by the record before us, it will be an express violation of the provisions of Ordinance 38, *supra*. Although it may not be a nuisance, *per se*, however, if appellants, Johnson, et al., show that such plant is being erected in defiance of some provision of a valid ordinance and that its construction will work special damages to them and their property, they are entitled to relief by injunction. *Fidelity Trust Co.* v. *Downing, supra* (1946), 224 Ind. 457, 464, 68 N. E. 2d 789. In my opinion appellants, Johnson, et al., have made such a showing in this case.

The statute of 1955, to which reference is made in the majority opinion, provides an administrative procedure under which "appeals" may be taken *from an action of the Board of Zoning Appeals* to the courts. The Town Engineer herein is only the administrative officer charged with the administration of the ordinance under the direction and supervision of the Board of Zoning Appeals. His action in issuing or refusing a building permit is not a final judgment from which an appeal to the courts will lie, as the majority opinion indicates.

The remedy here was by injunction against appellees, to enjoin them from proceeding with the con-

struction of the plant because such construction would be in express violation of a valid ordinance. *Fidelity Trust Co.* v. *Downing, supra* (1946), 224 Ind. 457, 464, 68 N. E. 2d 789.

All appellants, Johnson, et al., are attempting to do is to prevent the use of an illegal building permit, in express violation of a valid ordinance. Neither *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, nor *Mann* v. *City of Terre Haute* (1960), 240 Ind. 245, 163 N. E. 2d 577, has any application to the factual situation here.

I would reverse the judgment against appellants, Johnson, et al., with instructions to grant their motion for a new trial.

NOTE.—Reported in 176 N. E. 2d 112.