JAMES O. STOUT AND DEBORAH STOUT *v.* GAIL MERCER, ETHEL MERCER AND DONALD MERCER AND FRANCIS W. SOUTH, C. BATES MILLER, NOEL E. ALLEN, ROY E. MCCULLOUGH, ROBERT N. MILLER, JIMMIE R. TABOR AND ANTHONY FABBRI, AS THE BOARD OF ZONING APPEALS FOR THE CITY OF BRAZIL, INDIANA.

[No. 1-373A43. Filed June 20, 1974.]

*Hansford C. Mann, Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, for appellants.

*John P. Stelle, Braumunk & Stelle,* of Brazil, for appellees Mercer.

LYBROOK, J.—This appeal stems from the judgment of the Clay Circuit Court reversing the decision of the Board of Zoning Appeals granting the application of defendants-appellants James and Deborah Stout to place a mobile home on certain property in Brazil, Indiana.

The following issue has been properly preserved and presented for review:

Whether an adjoining landowner allegedly aggrieved by a decision of a Board of Zoning Appeals granting an applica-

tion for an improvement location permit and/or variance must, as a condition to petitioning for review by certiorari, have appeared and objected at the hearing before the board on the application.

The record reveals that on October 18, 1971, James and Deborah filed an APPLICATION FOR IMPROVEMENT LOCATION PERMIT AND CERTIFICATE OF OCCUPANCY with the Brazil Planning Administrator. The permit was sought for the placement of a mobile home on certain residentially zoned property owned by James' father, Jack Stout. Their application being denied, James and Deborah proceeded to file two forms with the Board of Zoning Appeals, these being captioned APPEAL FOR VARIATION IN THE APPLICATION OF THE REGULATIONS OF THE BRAZIL CITY ZONING ORDINANCE OR FROM ORDER, REQUIREMENT, DECISION OR DETERMINATION OF PLANNING ADMINISTRATOR and APPEAL FROM DECISION OF PLANNING ADMINISTRATOR.

Following notice by publication, the Stouts' request was considered at a public meeting of the Board of Zoning Appeals on November 1, 1971. There being no objections by persons present to the placement of the mobile home, the Board voted unanimously to grant the Stouts' application.

Thereafter, petitioners-appellees Gail, Ethel and Donald Mercer, owners of property adjoining that upon which the mobile home was to be placed, filed a petition for writ of certiorari, which was subsequently amended. Mercers' amended petition alleged that in approving the Stouts' application, the Board had illegally granted a variance from the terms of the city zoning ordinance. Defendant Board of Zoning Appeals, Deborah and James Stout, and Jack Stout each filed motions to dismiss the Mercers' amended petition. Following argument, each of defendants' motions was overruled, and the Board was ordered to make return on the writ of certiorari.

Trial of the cause resulted in a judgment reversing the Board's decision granting the Stouts' application. James and Deborah then filed their motion to correct errors which was overruled, and this appeal followed.

For the first time in this appeal, James and Deborah assert that they neither applied for nor received a variance from the terms of the city zoning ordinance. Rather, it is alleged that the nature of the proceeding before the Board was merely an appeal from the decision of the planning administrator refusing to issue an improvement location permit. From an examination of Stouts' application and the minutes of the hearing before the Board, it is difficult to discern the exact nature of the action taken by the Board. However, in the Board's return to the writ of certiorari the proceeding was generally defined as ". . . the matter of the application of James O. Stout and Deborah Stout for an improvement location permit; and an appeal by said parties for variation from the existing zoning ordinances." Moreover, during the proceedings before the trial court, all of the parties appear to have acted upon the assumption that the Board's action was in the nature of the grant of a variance. For example, in the memorandum to their motion to dismiss, James and Deborah consistently made reference to the *variance* granted by the Board.

Finally, appellants did not in their motion to correct errors raise the contention which they are now urging in this appeal.

Therefore, any issue concerning the nature of the Board's decision has been waived, and we must assume that appellants were granted a variance from the terms of the zoning ordinance applicable to the property in question.

Focusing on appellants' motion to correct errors, we find that only one issue is available for review in this appeal.

Ind. Rules of Procedure, Trial Rule 59(B) requires that the motion be specific rather than general and that it be

accompanied by a statement of the facts and grounds upon which errors are based. Further, subsection (G) of the rule states:

". . . such motion shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing such motion."

In *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827, this court said:

"The requirement of specificity of the facts and grounds upon which errors are based has been often stated in recent case law: Spivey v. State (1971), [257] Ind. [257], 274 N.E. 2d 227; Matthew v. State (1972), [154] Ind. App. [182], 289 N.E.2d 336; Weingart v. State (1973), [157] Ind. App. [597], 301 N.E.2d 222; State v. Hladik (1973), [158] Ind. App. [223], 302 N.E.2d 544; Daben Realty Co., Inc. v. Stewart (1972), [155] Ind. App. [39], 290 N.E.2d 809; Indiana Dept. of State Revenue v. Frank Purcell Walnut Lumber Co., Inc. (1972), [152] Ind. App. [122], 282 N.E. 2d 336; Farley v. Farley (1973), [157] Ind. App. [385], 300 N.E.2d 375; Ostric v. St. Mary's College (1972), [153] Ind. App. [616], 288 N.E.2d 565.

\* \* \*

"While the motion to correct errors serves as the complaint on appeal, its primary purpose is to afford the trial court the opportunity to rectify errors it has committed. Bud Gates, Inc. v. Jackson (1970), 147 Ind. App. 123, 258 N.E. 2d 691.

"Without being informed by a specific statement of the facts and grounds on which the claimed error is based, the trial judge cannot rectify his errors, if any. Were it otherwise, an appellant could propel himself into this or the Supreme Court by general statements of claimed errors, detailed at leisure after his motion to correct errors is overruled. Such a gigantic bootstrap by an appellant is precisely what the rules of appellate procedure are designed to avoid. *See* cases cited above."

The only issue specifically defined by appellants' motion to correct errors is whether the Mercers had standing to petition for review of the Board's decision by certiorari. Hence, we proceed to a determination of that issue.

Appellants argue that only those persons who appeared and were parties to the hearing before the Board of Zoning

Appeals could petition for review by certiorari and that since the Mercers failed to appear or enter an objection, their petition seeking review should have been dismissed.

IC 1971, 18-7-5-87, Ind. Ann. Stat. § 53-783 (Burns 1964), contains the definition of persons entitled to review which is applicable to the instant case. That section provides:

"Every decision of the board of zoning appeals shall be subject to review by certiorari.

"Any person or persons, firm or corporation jointly or severally aggrieved by any decision of the board of zoning appeals, may present to the circuit or superior court of the county in which the premises affected is located a petition duly verified, setting forth that such decision is illegal in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty [30] days after the date of the decision and the order of the boards of zoning appeals complained of.

"No change of venue from the county in which the premises affected is located shall be had in any cause arising under the provisions of this section."

The scope of the term "aggrieved" as found in this section was recently considered by this court in *City of Hammond* v. *Board of Zoning Appeals* (1972), 152 Ind. App. 480, 284 N.E.2d 119. Therein, Judge Staton quoted extensively from *Metropolitan Dev. Comm.* v. *Cullison* (1972), 151 Ind. App. 48, 277 N.E.2d 905 (Rehearing denied, 279 N.E.2d 812).[1] We likewise find useful the following material from *Cullison:*

"The word 'aggrieved' is and has been used in our statutes for many years to describe persons or parties authorized by the statute to seek judicial review of decisions by boards and agencies of government and, in at least one instance, those who may recover penalty for the violation of a statute. It has also, as previously noted, been used for at least fifty years in Indiana laws authorizing zoning ordinances. One statute granting the right of appeal to the Supreme Court has also long given the right

1. Judge Staton noted that *Cullison, supra,* dealt with IC 1971, 18-7-2-76, Ind. Ann. Stat. § 53-974 (Burns 1964), affecting appeals primarily from Marion County. However, it was pointed out that there are no significant differences in wording between § 53-974 and § 53-783 which would necessitate differing constructions of the term "aggrieved."

only to 'the party aggrieved'. It is an appeal pursuant to that statute which has provided us with our only comprehensive definition of 'aggrieved'. McFarland v. Pierce (1897), 151 Ind. 546, 548, 45 N.E. 706, said of that statute:

> 'The word "aggrieved" in the statute refers to a substantial grievance, a denial of some personal or property right, or the imposition upon a party of a burden or obligation.' People v. Kent, 4 N.Y. Wkly. Dig. 62; Reid v. Vanderheyden, 5 Cow (N.Y.) 719; Steele v. White, 2 Paige, (N.Y.) 478; Colden v. Botts, 12 Wend. 234; Kelly v. Israel, 11 Paige, (N.Y.) 147; Card v. Bird, 10 Paige, (N.Y.) 426; Bush v. [Rochester, etc.] Bank, 48 N.Y. 659; Hall v. Brooks, 89 N.Y. 33; Grow v. Garlock, 29 Hun. 598; People v. Common Council of City of Troy, 82 N.Y. 575. 'To be "aggrieved" is to have a legal right, the infringement of which by the decree complained of will cause pecuniary injury.' Hewitt's Appeal, 58 Conn. [223] 226, 20 A. 453; Dickerson's Appeal, 55 Conn. 223, 10 A. 194, and 15 A. 99; Andress v. Andress, 46 N.J. Eq. 528, 22 A. 124; Swackhamer v. Kline's Adm'r, 25 N.J. Eq. 503; Parker v. Reynolds, 32 N.J. Eq. [290] 293. 'The appellant must have a legal interest which will be enlarged or diminished by the result of the appeal. Woodward v. Spear, 10 Vt. 420; Hemmenway v. Corey, 16 Vt. 225; 2 Ency. Pl. & Prac., p. 170; Wiggin v. Swett, 6 Metc. 194; Lewis v. Bolitho, 6 Gray, 137; Lawless v. Reagan, 128 Mass. 592; Deering v. Adams, 34 Me. 41.'

"In Fidelity Trust Co. v. Downing (1946), 224 Ind. 457, 68 N.E.2d 789, the Indiana Supreme Court considered the meaning of 'person aggrieved' as that term is used in section 4 of the 1921 Act. The situation in that case bears no analogy to the case at bar but the court did say 'that the term *person aggrieved* is not broad enough to include anyone other than the person directly affected by the action of an administrative official or the board . . .' (224 Ind. at 463, 68 N.E.2d at 791.) That statement is consistent with the definition quoted *ante* from McFarland v. Pierce, *supra,* particularly: 'The appellant must have a legal interest which would be enlarged or diminished by the result of the appeal.' (151 Ind. at 548, 45 N.E. at 707.)" (Footnotes omitted.)

To draw into focus the narrow issue confronting us in this appeal, it would be useful at this point to emphasize that which appellants do not contend. They do not contend that surrounding or adjoining landowners may never be

statutorily "aggrieved" by a decision of a board of zoning appeals affecting a particular tract of land within a zoned area. Rather, it is urged that "aggrieved" status is intended to be accorded to only those surrounding or adjacent landowners who appear and object at the hearing before the Board of Zoning Appeals.

Our research has failed to disclose any Indiana case directly dispositive of this issue. Appellants cite as controlling authority *Fidelity Trust Co.* v. *Downing* (1946), 224 Ind. 457, 68 N.E.2d 789. In our opinion, however, that case does not mandate the conclusion which appellants seek. The relevant facts of that case are as follows: *Downing* and others, landowners in a district where defendants were constructing a building, brought an action seeking to enjoin the completion of the structure on the grounds that it violated the terms of the applicable zoning ordinance. From a judgment granting the injunction sought, Fidelity appealed, contending, *inter alia,* that they had been granted a building permit by the city building commissioner, that there had been available to appellees a statutory procedure for appealing the commissioner's decision, and that appellees suit for injunction should have been barred due to their failure to exhaust this available administrative remedy. The court responded as follows:

> "With this proposition we cannot agree. The appellees were not parties to the building permit. Said § 48-2304, specifically provides among other things: 'Such appeal may be taken by any person aggrieved or any officer . . . of such city.' It would seem to us that the term *person aggrieved* is not broad enough to include anyone other than the person directly affected by the action of an administrative official or the board charged with the enforcement of the ordinance. To hold otherwise would be to hold that every property owner in any particular district would be compelled to take notice of every action of such officer or board."[2]

2. The sections under consideration in *Fidelity*, (Acts 1921, ch. 225, § 1; 1925, ch. 125, §§ 1-3; 1929, ch. 14, §§ 1, 2), relating to building and zoning regulations were repealed by Acts 1947, ch. 174, § 94, as contained in Ind. Ann. Stat. §§ 53-701—53-794 (Burns 1964). Text of prior law may be found in Ind. Ann. Stat. §§ 48-2301—48-2306 (Burns 1933).

Thus, the court determined that the failure of the landowners to attempt a statutory appeal from the building commissioner's decision to grant the permit did not prevent them from initiating an independent action for injunctive relief. However, in our opinion, this decision should not be interpreted as a direct holding that the surrounding landowners could not have initiated a statutory appeal if they had been aware of the issuance of the permit and chose to do so.

We feel that it would be an undue extension of that decision for us to hold that it is controlling support for the conclusion urged by appellant in the instant case. *Fidelity* involved the ministerial act of a building commissioner in issuing a building permit. In contrast, we are here confronted with the grant of a variance from the terms of a zoning ordinance by a Board of Zoning Appeals.

We should at this point emphasize that we do not intend to imply that the *Fidelity* case completely lacks relevance in determining whether a person is "aggrieved" by a decision of a Board of Zoning Appeals. To the contrary, that decision was quoted and relied upon in both *City of Hammond, supra,* and *Cullison, supra,* for the general proposition that the term "persons aggrieved" is only broad enough to include one directly affected by particular administrative action.

It cannot be doubted that adjoining or surrounding landowners may be directly affected by the grant of a variance to a particular applicant. The use to which a tract of land is put may have a direct effect upon the value of surrounding properties. Adjoining or surrounding landowners may therefore be persons "aggrieved" within the meaning of Burns § 53-783 as that section is construed in *City of Hammond, supra.* Further, under the construction given in that case, the particular landowner would be "aggrieved" regardless of whether he appeared and became a party to the hearing before the board of zoning appeals. His legal interests would be no less affected due to a failure to appear and object.

Appellants argue that IC 1971, 18-7-5-88, Ind. Ann. Stat. § 53-784 (Burns 1964), contains an implicit requirement that a petitioner for writ of certiorari must have been a party to the proceeding before the Board. Our attention is directed to that portion of the statute which reads:

"On filing a petition for a writ of certiorari with the clerk of the circuit or superior court of the county in which the premises affected are situated, the petitioner shall cause a notice to be issued and served by the sheriff of the county upon the adverse party or parties, if any, as shown by the record of the appeal in the office of the board of zoning appeals.

"The adverse party or parties shall be any property owner whom the record of the board of zoning appeals shows to have appeared at the hearing before the board in opposition to the petitioner. If the record shows a written remonstrance or other document opposing the request of the petitioner containing more than three [3] names, the petitioner shall be required to cause notice to be issued and served upon the three [3] property owners whose names first appear upon the remonstrance or document. Notice to the other parties named shall not be required."

We do not construe this section as requiring that the petitioner be an adverse party in the Board proceeding. Rather, it defines the adverse parties as those persons who were parties to the proceeding and whose position was adverse to that which petitioner is taking in applying for the writ. The obvious purpose of the above section is to define those persons to whom petitioner must give notice, rather than to define those persons who may petition for the writ.

Appellants have not presented any compelling reason for limiting availability of the writ to those who appear and object before the Board. As a practical matter, a petitioner for a variance may wish to solicit surrounding landowners' opinions concerning the proposed use of his property. However, the Board's decision with respect to a petition for variance cannot be determined by a poll of the sentiment of the neighborhood. *Town of Homecroft* v. *Macbeth* (1958), 238 Ind. 57, 148 N.E.2d 563, citing *Benner* v. *Tribbitt* (1947), 190 Md. 6, 57 A.2d 346.

We therefore hold that the Mercers' failure to appear and object to the Stouts' application at the hearing before the Board did not prevent them from subsequently filing their petition for writ of certiorari.

No other contention of error having been raised in appellants' motion to correct errors, judgment is hereby affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 312 N.E.2d 515.