**Randy BIXLER and Kay Bixler, Appellants–Plaintiffs,**

v.

**LaGRANGE COUNTY BUILDING DEPARTMENT, Stanley W. High, Donna M. High, LaGrange County Plan Commission, By and Through its Administrative Agent and Representative, Robbie Miller, Appellees–Defendants.**

No. 44A03–9909–CV–351.

Court of Appeals of Indiana.

June 28, 2000.

---

Latriealle Wheat, Angola, Indiana, Attorney for Appellant.

Richard K. Muntz, LaGrange, Indiana, Attorney for Appellee.

## OPINION

MATHIAS, Judge

### STATEMENT OF THE CASE

Randy and Kay Bixler ("Bixlers") appeal the dismissal of their complaint for injunctive relief. We reverse.

### ISSUE

The Bixlers present for our review the sole issue of whether the trial court erroneously dismissed their complaint for lack of jurisdiction due to failure to exhaust administrative remedies.

### FACTS AND PROCEDURAL HISTORY

On May 13, 1999, the LaGrange County Building Department granted to Stanley and Donna High ("Highs") an improvement location permit to place a manufactured home on their one-half acre lot on Fish Lake in LaGrange County. The Bixlers, owners of an adjoining lot, filed a complaint against the Highs and the LaGrange County Building Department to obtain a temporary restraining order and a permanent injunction preventing the placement of the manufactured home. The Bixlers alleged that the Highs' manufactured

home was a mobile home that could only be located in a mobile home park under the applicable L–I zoning classification.

On August 2, 1999, the trial court dismissed the Bixlers' complaint with the following entry:

Comes now the court, and having taken the Motion to Dismiss under advisement, and having considered the evidence, arguments and memoranda submitted, now finds that the court lacks jurisdiction because the plaintiffs failed to exhaust their administrative remedies. The court now grants the defendants' Motion to Dismiss and dismisses this cause.

Record at 210. The Bixlers now appeal.

## DISCUSSION AND DECISION

The Highs maintain that the validity of their improvement location permit may not be challenged in the trial court because the Bixlers failed to exhaust administrative remedies. The Bixlers claim that they had no obligation to pursue administrative remedies enacted for the benefit of permit applicants.

■ IND. CODE § 36–7–4–918.1 governs the jurisdiction of a board of zoning appeals:

A board of zoning appeals shall hear and determine appeals from and review:

(1) Any order, requirement, decision, or determination made by an administrative official, hearing officer, or staff member under the zoning ordinance;

(2) Any order, requirement, decision, or determination made by an administrative board or other body except a plan commission in relation to the enforcement of the zoning ordinance; or

(3) Any order, requirement, decision, or determination made by an administrative board or other body except a plan commission in relation to the enforcement of an ordinance adopted under this chapter requiring the pro-

curement of an improvement location or occupancy permit.

I.C. § 36–7–4–918.1 (West 1997). Generally, if an administrative remedy is available, it must be pursued before the claimant is allowed access to the courts. *T.W. Thom Const., Inc. v. City of Jeffersonville*, 721 N.E.2d 319, 322 (Ind.Ct.App.1999). The failure to exhaust administrative remedies deprives the trial court of subject matter jurisdiction. Subject matter jurisdiction cannot be waived. *Id.*

■ However, with regard to the issuance of building permits, the exhaustion prerequisite historically has been restricted only to permit applicants, who are directly affected by a public official's decision to issue, condition or deny building permits. In *Laws v. Lee*, 471 N.E.2d 1229, 1234 (Ind.Ct.App.1984), this court discussed the rule set forth in *Fidelity Trust Co. v. Downing*, 224 Ind. 457, 68 N.E.2d 789 (1946):

In *Fidelity Trust* a building permit was issued and construction begun when another party brought suit to enjoin the erection of the building on grounds that its construction violated local zoning provisions. The parties erecting the building argued that anyone challenging their right to build had to first appeal the issuance of the building permit thereby exhausting administrative remedies. The court rejected this argument stating that to require exhaustion would be to require that every landowner take notice of every building permit issued. Similarly, Laws was not directly affected by the issuance of the permit to Beagle. Rather, *she was a neighboring landowner who could not be expected to be aware of the permit's issuance*. The appellants' challenge to the permit's validity is not barred by her failure to exhaust administrative remedies.

*Id.* (citations omitted, emphasis added.)

■ The Bixlers' position is precisely that of the complainant in *Laws*. They are property owners who are not responsible

for monitoring the issuance of improvement location permits for which they have not applied. While a person who has knowledge of the issuance of an improvement location permit *may* initiate a statutory appeal to the zoning board, he or she is not required to do so. *See Stout v. Mercer,* 312 N.E.2d 515, 519, 160 Ind.App. 454, 462 (1974).

We believe the caselaw relied upon by appellees is factually distinguishable. In *T.W. Thom Const., Inc.,* the exhaustion doctrine did not apply to subdivision developer Thom because no local zoning approval was required and the issuance of a construction permit for a mobile home park was not an administrative decision from which Thom could have appealed. In *Martin v. Monroe County Plan Com'n,* 660 N.E.2d 1073 (Ind.Ct.App.1996), the Plan Commission appointed itself a hearing body under Alternate Procedure Statutes, and provided notice and hearing to opponents prior to issuing the challenged permit. Thus, the unhappy opponents were required to exhaust administrative remedies prior to resort to the trial court. In *Stout,* a landowner not directly involved in the issuance of an improvement location permit chose to pursue an available administrative process when he had notice of the issuance of another's permit.

Here, there was no notice or hearing provided to the Bixlers prior to issuance of the permit, and the Bixlers did not voluntarily avail themselves of the administrative appeals process designed for permit applicants. Thus, their challenge to the validity of the Highs' permit is not barred by failure to exhaust administrative remedies. The trial court's dismissal of the Bixlers' complaint was therefore in error.

Reversed.

FRIEDLANDER, J., and NAJAM, J., concur.