STATE OF INDIANA, EX REL. MANLOVE *v.* CURTIS.

[No. 22,018. Filed October 10, 1913.]

1. OFFICERS.—*Terms of Office.*—*Duration.*—An officer may be removed at pleasure, without notice, charges or reasons, by the authority making the appointment, where the duration of the office is not provided for in the Constitution, or has not been declared by law. p. 193.

2. MUNICIPAL CORPORATIONS.—*City Attorney.*—*Term of Office.*—*Removal.*—*Statutes.*—The phrase "shall hold office as hereinbefore provided," found in §8692 Burns 1908, as amended in 1909 (Acts 1909 p. 312) providing that the city attorney "shall be appointed by the mayor, shall hold office as hereinbefore provided, * * * except in cities of the fifth class the city attorney shall be appointed by the common council," although referring to

subd. 7, §8682 Burns 1908, Acts 1905 p. 219, §80, which provides for the suspension or removal from office by the mayor of any person, whether appointed by him or by any of his predecessors, on notice, etc., applies only to a city attorney appointed by the mayor in a city of the first, second, third, or fourth class, and since there is no method provided for the removal of a city attorney in cities of the fifth class, not only his appointment, but also his removal, is a matter within the discretion of the common council. p. 193.

From Lake Circuit Court; *John C. Richter*, Special Judge.

Proceedings in *quo warranto* by the State of Indiana, on the relation of George H. Manlove, against Harvey J. Curtis. From a judgment for defendant the relator appeals. *Affirmed.*

*Ralph W. Ross* and *Walter J. Lotz,* for appellant.
*L. L. Bomberger* and *John F. Sawyer,* for appellee.

SPENCER, C. J.—This is a proceeding in *quo warranto* by the State, on the relation of George H. Manlove, against Harvey J. Curtis to oust the latter from the office of city attorney for the city of Gary and to have the possession of said office awarded to the relator, together with damages in his favor against appellee for the detention of the office in question. The cause was tried by the circuit court without the intervention of a jury, and from a finding and judgment in favor of appellee this appeal is taken.

It .appears from the evidence that on November 8, 1909, the common council of the city of Gary, then a city of the fifth class, duly appointed the relator as city attorney. Eight days later the common council voted to and did reconsider and rescind the appointment and elected appellee to succeed the relator to such office. The substance of the relator's contention is that the common council was without authority to rescind his appointment after it was completed except for cause and then only after a hearing; that his attempted removal was therefore invalid.

The general rule is conceded to be that ''where the term of

office is not fixed by law, the officer or officers, by whom a person was appointed to a particular office, may remove him at pleasure, and without notice, charges, or reasons assigned." Throop, Public Officers §354. See, also, Mechem, Public Officers §§445, 454. Furthermore, it is stated in article 15, §2, of our State Constitution that "When the duration of any office is not provided for by this constitution, it may be declared by law; and if not so declared, such office shall be held during the pleasure of the authority making the appointment."

But appellant takes the position that the term of office of the city attorney in cities of the fifth class is fixed within the meaning of the constitutional provision, and in support of his position relies on the rule that where the appointing power is required to assign written reasons before removing an office-holder, such restriction constitutes a limitation on the general power to remove at will. Throop, Public Officers §364; *Roth* v. *State, ex rel.* (1902), 158 Ind. 242, 253, 63 N. E. 460. Section 8692 Burns 1908, as amended in 1909 (Acts 1909 p. 312), provides that the city attorney "shall be appointed by the mayor, shall hold office as hereinbefore provided, * * * except in cities of the fifth class the city attorney shall be appointed by the common council." It is appellant's contention that the phrase "shall hold office as hereinbefore provided" has reference to subd. 7, §8682 Burns 1908, Acts 1905 p. 219, §80, which authorizes the mayor "To appoint the heads of departments, as hereinafter created, in cities of the first, second, third and fourth classes, and to appoint, in cities of the fifth class, a city marshal, chief of fire force and street commissioner, all of which appointees shall hold office until their successors are appointed and qualified; * * *; *Provided,* That the mayor may at any time suspend or remove from office any or all of such heads of departments or other persons, whether appointed by him or by any of his prede-

cessors, by notifying them to that effect and sending a message to the council stating in writing his reasons for such removal.'' Appellant contends that the word "mayor", as therein used, should be construed to mean "appointing power" and thus require the common council in cities of the fifth class to assign written reasons for its action before removing the city attorney. We cannot concur in such construction. Even though it is conceded that the phrase "shall hold office as hereinbefore provided" has reference to §8682, *supra,* it does not follow that the provisions of said section have application to any officers other than those therein mentioned. The doctrine that "including one, excludes all others" is applicable and we must construe the language of the two sections to mean that city attorneys in cities of the first, second, third and fourth classes may be removed by the mayor in accordance with §8682, *supra,* but that no method is "hereinbefore provided" for the removal of the city attorney in cities of the fifth class and, under the constitutional provision, he therefore holds office at the pleasure of the appointing power. In cities of the first four classes, a department of law is specifically established, and the appointment and removal of the city attorney is provided for; but in cities of the fifth class no department of law is created, and the employment of a city attorney is virtually left to the discretion of the common council. In the absence of a particular provision to the contrary it must follow that his removal is equally within the discretion of such council.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 827. See, also, under (1)· 29 Cyc. 1406; (2) 28 Cyc. 432. As to removal of officers for cause, see 135 Am. St. 250. On the question of attempted appointment for fixed term as restriction of power to remove officer at pleasure, see 35 L. R. A. (N. S.) 866. For the right to remove officers summarily, see 15 L. R. A. 95. As to the power of a town or municipality to remove officer in absence of statutory authority, see 9 L. R. A. (N. S.) 572; 39 L. R. A. (N. S.) 519.