DOUGLASS v. RIGHTS.

[No. 9,616. Filed June 25, 1918.]

1. MUNICIPAL CORPORATIONS.—*City Engineer.—Term of Office.— Removal.—Power of Mayor.*—As the term of office of the city civil engineer is not declared by the Constitution or statute, he, under Art. 15, §2, of the Constitution of Indiana, holds office during the pleasure of the mayor, by whom, under §§8695, 8682 Burns 1914, Acts 1905 p. 219, §§92, 80, he is appointed and may be removed. p. 118.

2. MUNICIPAL CORPORATIONS.—*City Engineer.—Payment of Salary.*

—*Approval of Bond.*—The mere failure of an appointee to the office of city civil engineer to have his bond approved by the common council, as required by §8695 Burns 1914, Acts 1905 p. 219, §92, is not a sufficient reason for refusing to pay his salary, especially where the only objection is from one previously holding the office, who had been removed and showed no right to the office. p. 118.

From Jackson Circuit Court; *Oren O. Swails,* Judge.

Action by William H. Rights against the city of Seymour which interpleaded Elias B. Douglass. From a judgment for plaintiff, Douglass appeals. *Affirmed.*

*F. W. Wesner, T. M. Honan* and *Edward P. Elsner,* for appellant.

*Montgomery & Montgomery,* for appellees.

FELT, P. J.—Appellee, William H. Rights, instituted suit against the city of Seymour, Indiana, to recover $262.50 alleged to be due him for salary as city civil engineer of said city.

The city appeared to the action and filed an answer or interpleader, in which it admitted that it owed the sum aforesaid as salary for the city civil engineer, but also alleged that appellant, Douglass, claimed to be such engineer, and had demanded payment of the salary in the sum aforesaid, asked leave to pay the sum into court for the benefit of the party entitled thereto, and that appellant be substituted in its place as a party to the suit and that it be discharged from further liability on account of such salary.

Thereupon all the parties duly appeared to said pleading, and the court examined said interpleader, heard the evidence thereon, and found the allegation thereof to be true, and that the sum aforesaid had

been paid into court, and that said Douglass should be made a party defendant to the suit, and thereupon entered an order as follows: "It is therefore ordered by the court that the said E. B. Douglass, be and he is hereby substituted as defendant in this action in place of said city of Seymour, Indiana, defendant above named; and that said city of Seymour, Indiana, be and is hereby discharged from all liability therefor to the said plaintiff, William H. Rights, or the said E. B. Douglass."

Thereafter said Douglass filed answer to the complaint in five paragraphs, and also filed a cross-complaint aganst both of the appellees in which he sought to recover the salary aforesaid from the city of Seymour. Demurrers were sustained to the third, fourth and fifth paragraphs of the answer of Douglass to the complaint.

The first paragraph of answer was a general denial, and the second alleges in substance the appointment, oath of office and bond of appellant, and likewise the performance of the duties of the office by him. Appellee Rights filed a reply in general denial to the second paragraph of answer aforesaid, and also an answer of general denial to appellant's cross-complaint.

Upon request the court made a special finding of facts, and stated its conclusions of law thereon in substance as follows:

## Finding of Facts.

(1) The city of Seymour is a city of the fifth class, and John A. Ross was at the time involved in this controversy the duly elected, qualified and acting mayor of said city.

"'(2) That Elias B. Douglass during said time was a resident of the county of Jackson in said state and was a civil engineer and on January the 5th, 1914, said John A. Ross, as such Mayor, appointed said Douglass as civil engineer of said city of Seymour and thereupon said Douglass filed his bond as such engineer in the penal sum of $1,000.00 with surety thereon and that the penalty of such bond had been theretofore fixed by the Common Council of said city by ordinance and said Douglass subscribed and took the oath of office required by law as such engineer and entered upon the discharge of his duties as such and continued therein until the 14th day of August, 1915.

"(3) That on the 14th day of August, 1915, said John A. Ross, as such Mayor, intending to discharge said Elias B. Douglass from his office as such engineer caused to be delivered to him the following writing, to-wit:

"Seymour, Indiana, August 14, 1915.
"Mr. William Douglass,
        "Seymour, Indiana.

"Dear Sir:—You will recall I asked for your resignation two weeks ago and renewed the request at the last council meeting night, adding I would assign my reasons if you so desired any time you might call at my office. You have not called, neither have you sent in resignation. I am accordingly under compulsion of informing you that you are this day dismissed from service as Civil Engineer of the City of Seymour, Indiana.

"Very truly yours,
        "John A. Ross, Mayor."

That afterwards at the next regular meeting of the common council of said city, to wit, on August 19, 1915, said John A. Ross, as such mayor, read to said common council the following writing, to wit:

"To the Honorable Council of the City of Seymour, Ind.:

"August 14, 1915.

"Dear Sirs:—I have this day dismissed E. B. Douglass from the office of Civil Engineer for lack of either qualifications or will, or possibly both, to perform the duties of that office.

"Detailed specifications will be furnished on demand.

"John A. Ross, Mayor.

"(4) That the plaintiff William H. Rights, is and was during the time aforesaid a Civil Engineer, and that on August 23rd, 1915, said John A. Ross as such Mayor, appointed him as Civil Engineer of said City of Seymour, and thereupon said Rights filed his bond in the penal sum of $1,000.00 with surety thereon, which bond and surety was approved by said Mayor, but said bond was never submitted to said council by said Mayor either for approval or disapproval, and no action with reference to same was taken by said council, and thereupon said Rights took and subscribed the oath required by law as such City Civil Engineer.

"(5) That after the 14th day of August, 1915, said Mayor removed part of the individual property of said Douglass from the office in the City Building theretofore occupied by him as City Civil Engineer and locked said office against him and turned the key and possession of the same over to the plaintiff, Wil-

liam H. Rights, who since said date has held and occupied said room and office.''

''(6) The salary of the city civil engineer was $900 per year, payable in bimonthly installments.

''(7) That since the 14th day of August, 1915, said Elias B. Douglass, and since the 23rd day of August, 1915, said William H. Rights, each regularly attended meetings of the Common Council, held himself in readiness to perform the duties required of him as such City Civil Engineer and each bimonthly demanded of said city, payment of his salary as fixed above as such engineer, but voucher for the same was refused by the clerk of said city and no payment thereon has been made, and both the plaintiff and defendant Douglass during such time have claimed to be the duly appointed, qualified and acting Civil Engineer of said city.

''(8) That at the time of the filing of this suit there was owing as salary, either to the plaintiff, William H. Rights, or defendant, Elias B. Douglass, as such Civil Engineer the sum of $262.50 and the defendant city has brought said amount into court for the use of the party the court may find upon the foregoing facts legally entitled to the same.''

### Conclusions of Law.

''The law is with the plaintiff, William H. Rights, and he is entitled to recover in this action the sum of $262.50.''

Appellant excepted to the conclusions of law. Judgment was rendered against the city of Seymour for the $262.50, and against both defendants for costs.

Appellant has assigned as error that the court erred in sustaining the demurrer of appellee Rights

to the third, fourth, and fifth paragraphs of answer to the complaint; error in the conclusions of law and in overruling his motion for a new trial.

Appellee contends that the judgment must be affirmed: (1) Because the briefs fail to duly present any questions under the rules of the court; (2) because the undisputed facts show that appellant was duly discharged from the office of city civil engineer in substantial compliance with the statute which authorized such dismissal; (3) because appellant is not a proper party to this suit, and because the right or title to said office cannot be put in issue and determined in this action, and must be determined, if at all, by a proceeding in *quo warranto*; and (4) there is no judgment against appellant from which he can appeal.

The briefs of appellant are sufficient to enable the court to pass upon the correctness of the conclusions of law, and, as this involves the questions upon which the appeal must ultimately be determined, the other contentions need not be considered in detail.

Section 2 of Art. 15 (§224 Burns 1914) of the Indiana Constitution provides that: "When the duration of any office is not provided for by this Constitution, it may be declared by law; and if not so declared, such office shall be held during the pleasure of the authority making the appointment."

Section 8695 Burns 1914, Acts 1905 p. 219, provides that: "The mayor shall appoint a city civil engineer who shall be subject to the direction of the board of public works, except in cities of the fifth class, where he shall be subject to the orders of the common council. * * * The amount of his bond to be approved by the common council * * *. If a

satisfactory engineer does not reside in said city or town then an engineer may be appointed from outside of said corporation."

Section 8682 of the said statute provides that it shall be the duty of the mayor: "Seventh. To appoint the heads of departments, as hereinafter created, in cities of the first, second, third and fourth classes, and to appoint, in cities of the fifth class, a fire marshal, chief of the fire force and street commissioner, all of which appointees shall hold office until their successors are appointed and qualified; and he shall make such other appointments as may be provided by law or by the ordinances of any city: Provided, That the mayor may at any time suspend or remove from office any or all of such heads of departments or other persons, whether appointed by him or by any of his predecessors, by notifying them to that effect and sending a message to the council stating in writing his reasons for such removal."

Appellant was appointed by the mayor, held the office of city civil engineer during the pleasure of the mayor, and was removed in substantial compliance with the statute. *State, ex rel.* v. *Curtis* (1913), 180 Ind. 191, 193, 102 N. E. 827; *Roth* v. *State, ex rel.* (1901), 158 Ind. 242, 262, 263, 63 N. E. 460; *State, ex rel.* v. *Mayne* (1879), 68 Ind. 285, 296; *City of Madison* v. *Korbly* (1869), 32 Ind. 74, 78; Mechem, Public Officers §445 *et seq.*

Appellee Rights is shown to have held an appointment by the mayor in due form, to have taken the oath of office as city civil engineer and to have executed a bond and delivered the same to the mayor. He was also in possession of the office and at all times ready to discharge the duties of his office. The mere failure to have his bond acted upon

by the common council, though an irregularity, was not a sufficient reason for refusing the payment of his salary. This is especially true in this case, since the only objection thereto comes from appellant and not from the city. The latter conceded its liability for the amount and sought only to be safeguarded in making the payment.

Conceding, without deciding, appellant's right to litigate the question of his right to the office in this suit, his failure to establish his right and title to the office, removes the only objection interposed to the payment of the salary to appellee, Rights, and authorized the conclusions of law stated by the trial court. *Leonard* v. *City of Terre Haute* (1911), 48 Ind. App. 104, 111, 114, 93 N. E. 872; Mechem, Public Officers §§315-322; *Hiday* v. *State, ex rel.* (1916), 64 Ind. App. 159, 115 N. E. 601; *Howard* v. *Burke* (1911), 248 Ill. 224, 93 N. E. 775, 777, 140 Am. St. 159; *City of Terre Haute* v. *Burns* (1918), 69 Ind. App. 7, 116 N. E. 604, 607, and cases cited; *State, ex rel.* v. *Milne* (1893), 36 Neb. 301, 54 N. W. 521, 19 L. R. A. 689, 691, 38 Am. St. 724; *Stearns* v. *Sims* (1909), 24 Okla. 623, 104 Pac. 44, 24 L. R. A. (N. S.) 475, 477.

The foregoing propositions compel the affirmance of the judgment of the lower court. But as to the proposition of trying the question of the title to the office in this proceeding, see *Leonard* v. *City of Terre Hause, supra; City of Terre Haute* v. *Burns, supra; Griebel* v. *State, ex rel.* (1887), 111 Ind. 369, 372, 12 N. E. 700; *Parsons* v. *Durand* (1897), 150 Ind. 203, 204, 49 N. E. 1047; *Carmel Nat. Gas, etc., Co.* v. *Small* (1897), 150 Ind. 427, 429, 47 N. E. 11, 50 N. E. 476.

Judgment affirmed.

Note.—Reported in 119 N. E. 1017. See under (1, 2) 28 Cyc 583.