ALBERT JENKINS *v.* RICHARD GORDON HATCHER, INDIVIDUALLY AND AS MAYOR OF THE CITY OF GARY, INDIANA, GARY FIRE CIVIL SERVICE COMMISSION AND THE INDIVIDUAL MEMBERS, ROBERT LOWERY, ELI MANDICH AND PAUL G. WALLACE, BOARD OF PUBLIC WORKS AND SAFETY, AND THE INDIVIDUAL MEMBERS, HENRY COLEMAN, MAHLON PLUMB, JAMES HOLCOMB, CITY OF GARY, INDIANA AND RIXIE H. MCCARROLL.

[No. 3-1073A136. Filed January 28, 1975. Rehearing denied March 10, 1975. Transfer denied January 16, 1976.]

*Hilbert L. Bradley*, of Gary, for appellant.

*Charles A. Ruckman*, Corporation Counsel, *Gregory S. Reising*, Assistant City Attorney, of Gary, for appellees.

HOFFMAN, J.—On July 31, 1973, the trial court, finding no genuine issue as to any material fact, granted summary judgment in favor of defendants-appellees in an action wherein plaintiff-appellant Albert Jenkins had sought reinstatement to his former rank of battalion chief in the Gary Fire Department, damages for his allegedly improper demotion to the rank of captain and injunctive relief prohibiting the promotion of captains or other firemen acting as battalion chiefs. Whether the trial court was correct in granting summary judgment is the single issue confronting this court on appeal.

The record discloses that on January 26, 1973, Jenkins filed a complaint which alleged that his demotion from the rank of battalion chief was not carried out in compliance with the applicable statutory procedure regarding demotions. The complaint also alleged that Jenkins was promised reinstatement upon a subsequent opening and that such promise was breached.

On March 8, 1973, defendants filed an answer denying all material allegations contained in Jenkins' complaint. On March 12, 1973, defendants filed a "Motion for Summary Judgment" contending that even if the veracity of each and

every factual allegation of Jenkins' complaint were admitted no legal basis for his claim would be established. This motion was submitted on the pleadings and briefs of the parties and, on July 31, 1973, the trial court found that there existed no genuine issue as to any material fact and granted summary judgment in favor of defendants-appellees. Subsequently, a motion to correct errors filed by Jenkins was overruled and the present appeal was perfected.

The briefs of the parties indicate disagreement as to the nature of the motion filed by defendants on March 12, 1973, the judgment entered by the trial court and the standard of review to be applied. Jenkins asserts that defendant's motion, although denominated a "Motion for Summary Judgment", was actually a motion to dismiss for failure to state a claim upon which relief can be granted under Ind. Rules of Procedure, Trial Rule 12(B)(6). He contends that the decision of the trial court was incorrect unless it is clear from the complaint that under no set of facts could relief be granted. Defendants-appellees contend that theirs was a motion for summary judgment and by reason of the fact that all facts alleged by Jenkins were admitted there existed no genuine issue of material fact.

Defendants' motion for summary judgment was not accompanied by supporting affidavits or documents other than the pleadings. When it is so made, it is functionally the same as a motion for judgment on the pleadings under Ind. Rules of Procedure, Trial Rule 12(C). See: 1 Harvey, Ind. Prac.—Rules of Civ. Proc., 602.

In their motion for summary judgment, defendants admitted all facts alleged by Jenkins and confined themselves to a discussion of whether such facts entitle Jenkins to relief, thus indicating that the motion was intended as a motion for judgment on the pleadings.

We next turn to an examination of Jenkins' complaint in order to determine whether, as a matter of law, he is precluded from relief.

Jenkins asserts that he was entitled to relief for a violation of statutory procedures relating to removal and demotion of firemen. Specifically, his factual allegations reveal that his demotion from the rank of battalion chief to captain was not attended by written notice, opportunity for hearing and a written statement of reasons for the action taken. He contends that failure to follow the above procedures violated IC 1971, 18-1-11-3, Ind. Ann. Stat. § 48-6105 (Burns Supp. 1974), which provides, in pertinent part, as follows:

> "Every member of the fire and police forces, including police radio operators and police signal and fire alarm operators, appointed by the mayor, the commissioners of public safety or the board of metropolitan police commissioners, shall hold office until they are *removed* by said board. They may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing, and after an opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board. \*\*\*." (Emphasis supplied.)

The procedures outlined in IC 1971, 18-1-11-3, *supra,* cannot, however, be deemed applicable to Jenkins' demotion. By its relevant terms, the statute in question applies only to "removal." We do not agree with appellant that the term "removal" comprehends demotion.

We first note that IC 1971, 18-1-11-3, *supra,* further provides:

> "Any member of such fire or police force who is dismissed from such force, as aforesaid, or is suspended therefrom for any period in excess of ten [10] days,[1] shall have the right to appeal \*\*\* but shall not have the right of appeal from any other decision."

While this provision would not prevent judicial review of a denial of appellant's rights, see *e.g., Dortch* v. *Lugar* (1971), 255 Ind. 545, 266 N.E.2d 25; *Mann* v. *City of Terre*

---

1. Acts 1971, P.L. 252 amended the statute by providing for the appeal of suspensions exceeding ten days. Before the amendment suspensions in excess of thirty days were appealable.

*Haute, et al.* (1960), 240 Ind. 245, 163 N.E.2d 577, it never-theless indicates a legislative intent to limit applicability of the statutory hearing procedures.

Furthermore, since the adoption of this statute, several specific "merit plan" Acts have been adopted regarding policemen and/or firemen. IC 1971, 19-1-7-1, *et seq.* Ind. Ann. Stat. § 48-6204, *et seq.* (Burns 1963 and Burns Supp. 1974), relating to first class cities, and applicable to both firemen and policemen, provides specific demotion procedures and establishes different procedures to be applicable to the de-motion of high ranking officers. The Act expressly provides that it does not "confer any power to remove and dismiss any such person from service upon the force", and that it is supplemental to other Acts.[2]

IC 1971, 19-1-21-1, *et seq.*, Ind. Ann. Stat. § 48-6241, *et seq.* (Burns 1963 and Burns Supp. 1974), applicable to certain cities of the second class expressly provide demotion pro-cedures, but exempt the rank of chief. See also: IC 1971, 19-1-29-1, *et seq.* Ind. Ann. Stat. § 48-6250, *et seq.* (Burns 1963 and Burns Supp. 1974) ; IC 1971, 19-1-14-1, *et seq.* Ind. Ann. Stat. § 48-6260, *et seq.* (Burns 1963 and Burns Supp. 1974) ; IC 1971, 19-1-20-1, *et seq.* Ind. Ann. Stat. § 48-6286, *et seq.* (Burns Supp. 1974) ; IC 1971, 19-1-14.5-1, *et seq.* Ind. Ann. Stat. § 48-6287, *et seq.* (Burns Supp. 1974).

The consistent thread running through these statutes is that they expressly provide general demotion procedures and they expressly *exclude* from those procedures certain ranks or offices. Yet, if IC 1971, 18-1-11-3, *supra,* were to apply to demotions, it would necessarily apply to all demotions and would require board of works hearings that would render superfluous much of the procedure in the merit plan statutes.

We also note that IC 1971, 18-1-11-3, *supra,* has been in force in substantially its present form since 1905. During that span, only one case expressly considered this statute in connection with a demotion. In *Coleman* v. *City of Gary*

---

2. IC 1971, 19-1-7-7, Ind. Ann. Stat. § 48-6210 (Burns 1963).

(1942), 220 Ind. 446, 44 N.E.2d 101, our Supreme Court held that a Gary policeman adequately stated a cause of action in asserting that he had been demoted from the rank of sergeant without cause. Although the court had the statute before it and discussed it in the opinion, it chose to base its decision not upon this Act but upon rules of procedure that had been adopted by the city pursuant to the Civil Service Commission Act applicable to Gary.

Acts 1969, ch. 488, establishes a different procedure to be followed in disciplinary action taken against firemen or other civil service employees in cities which qualify. This act specifically refers to demotion and would appear to be controlling in the case of appellant-Jenkins' demotion. However, Acts 1969, ch. 488, *supra,* was not in effect on August 18, 1970, the date Jenkins was demoted. The Act in question was vetoed by the Governor on March 15, 1969, and was passed by the Legislature over such veto on January 22, 1971. Subsequently, Acts 1972, P.L. 4, which was approved on January 21, 1972, specifically repealed Acts 1969, ch. 488, *supra,* as amended. The provisions of Acts 1972, P.L. 4, may be found at IC 1971, 19-1-37.5-1 to 19-1-37.5-23, Ind. Ann. Stat. §§ 48-6249a to 48-6249x (Burns Supp. 1974). In short, no Act regarding specific procedures to be followed in cases of demotion of civil service or fire department personnel in the City of Gary was in effect on August 18, 1970, the critical date in question. The Legislature, by subsequently providing specific procedures for demotion, demonstrated that IC 1971, 18-1-11-3, *supra,* was not intended to embrace demotions.

Appellant's asserted claim with regard to breach of employment contract is dependent for its vitality upon the applicability of either IC 1971, 18-1-11-3, *supra,* or Acts 1969, ch. 488, *supra.* Such claim is vitiated by the above determination. The assertion that the admitted facts indicating a mere promise to reinstate upon a subsequent opening does not entitle Jenkins to relief as a matter of law and does not merit further discussion.

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

Garrard, J., concurs; Staton, P.J., dissents with opinion.

## DISSENTING OPINION

STATON, P.J.—I respectfully dissent from the views expressed in the majority opinion on two distinct and independent grounds. First, it is my view that IC 1971, 18-1-11-3; Ind. Ann. Stat. § 48-6105 (Burns Supp. 1974) should be construed to require notice and a hearing in all cases where the charges levied against a fireman constitute "good cause" for removal under the statute. Second, I feel that the due process clause of the Fourteenth Amendment requires that a fireman be accorded written notice of the reasons for his demotion and an opportunity to be heard on the merits prior to any reduction in his rank and pay.

## I.

### Notice and Hearing

The majority opinion's restrictive interpretation of IC 1971, 18-1-11-3 is inconsistent with prior decisions of our courts, which have recognized the importance of the statute's procedural safeguards in effectuating its underlying legislative purpose. *City of Fort Wayne* v. *Bishop* (1950), 228 Ind. 304, 92 N.E.2d 544; *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N.E. 596; *Coates* v. *City of Evansville* (1971), 149 Ind. App. 518, 273 N.E.2d 862; *Tryon* v. *City of Terre Haute* (1963), 136 Ind. App. 125, 193 N.E.2d 377; *City of Washington* v. *Boger* (1961), 132 Ind. App. 192, 176 N.E.2d 484. In *State ex rel. Felthoff* v. *Richards, supra,* the Supreme Court of Indiana stated:

"The General Assembly has recognized the sound public policy of retaining in the public service policemen and firemen who have become increasingly valuable by reason of their experience and has, by statute, assured these public servants an indefinite tenure of position during good behavior and satisfactory performance of their duties. In

order to protect this tenure of position the General Assembly has provided for a hearing on proper notice for a policeman or fireman under charges.

"The hearing required by law is a fair hearing, one conducted in good faith and dominated solely by a desire to determine the fitness of the person under charges. Further, the notice must apprise the accused of the acts of dereliction or personal defects which constitute the 'cause.' The purpose of the notice is not merely to inform of the time and place of the proposed hearing, but also to disclose the particular act or acts of delinquency or the particular defect constituting incompetency. If the relator was dismissed without 'cause' or if he was dismissed without a fair hearing, then his dismissal was illegal; . . ." 203 Ind. at 641-42, 180 N.E. at 598.

The majority's acceptance of the Board's contention that the statute requires notice and a hearing in only those cases when removal is contemplated operates to nullify the legislative policy clearly reflected in the statutory scheme. A careful reading of the statute discloses that removal from office is not a precondition to an employee's entitlement to notice and a hearing. The statute's procedural safeguards require that written notice and an opportunity to be heard precede the imposition of any sanction.

The statute provides that when a fireman is charged with "neglect of duty, or of the violation of rules, or neglect or disobedience of orders, or of incapacity, or absence without leave, or immoral conduct or conduct injurious to the public peace or welfare or conduct unbecoming an officer, or other breach of discipline, . . ." he may suffer ". . . reprimand, forfeiture, suspension without pay, dismissal or by reducing him or her to a lower grade and pay." IC 1971, 18-1-11-3.

The primary purpose of the statute is to broadly delimit the legitimate grounds upon which adverse personnel action may be taken. The basic procedural safeguards provided by the statute function to control the discretion of the Board. Statutory provisions for written notice of charges and a hearing insure that no penal sanction may be imposed for any reason not enumerated in the statute. On the other hand,

the statute imposes no limit on the choice of available sanctions. When the Board of Public Works and Safety decides to remove or to merely reprimand an offending fireman, the choice of punishment is wholly a matter of administrative discretion. Since the statute provides that any specifically proscribed conduct may culminate in removal from employment, a fireman charged with an act or omission enumerated in the statute must be accorded the right to written notice of the charges against him and a hearing.

The majority's interpretation of the statute cedes to the Board unbridled discretion to impose any penal sanction, except removal from employment, without stating any reason for its decision. Such a construction implies that the Board must make an *ex parte* decision to remove an offending employee before the employee is entitled to written notice of the charges which constitute the basis for his removal, or the right to be heard on the charges. Yet, it is clear that the Board lacks authority to impose any sanction unless it first determines that one of the statutorily enumerated grounds exist. *Coates* v. *City of Evansville* (1971), 149 Ind. App. 518, 525, 273 N.E.2d 862, 867. One of the principal legislative objectives underlying this statutory scheme was to insure that no adverse action could be taken in the absence of a fair and principled determination on the merits, thereby excluding any political considerations.[1] This legislative policy and the procedural safeguards designed to delimit the Board's discretion are rendered wholly inoperative unless the statute is interpreted to require notice and a hearing in all cases where the charges raised against a fireman constitute "good cause" for removal.

The statute's limitation on judicial review of Board determinations does not impliedly limit the availability of its procedural safeguards. The statute expressly authorizes an

---

1. IC 1971, 18-1-11-3; Ind. Ann. Stat. § 48-6105 (Burns Supp. 1974), provides:
   ". . . They [policemen and firemen] may be removed for any cause other than politics, . . ."

appeal from Board suspensions of more than ten days in duration, even though the statutory language upon which the majority relies would appear to indicate that a suspended fireman has no right to notice and a hearing. The statute's express provision for an appeal from a Board suspension clearly indicates that a fireman's hearing rights are in no way circumscribed by the statutory limitation on judicial review. Moreover, many other statutes adopted by our legislature operate to preclude judicial review either beyond the trial court or administrative agency level.[2] It is clear that these cognate statutory restrictions on the right to appellate or *de novo* review do not impliedly preclude some initial, principled determination by the relevant judicial or administrative tribunal. On the contrary, it is manifestly unsound to maintain that the legislature intended to accord "finality" to administrative decisions arrived at without the most rudimentary due process safeguards. The majority's position suggests that the drafters of this provision intentionally sought to negate its underlying purpose of controlling Board discretion and preventing determinations based on political considerations.

The majority contends that the adoption of procedures pertaining to the demotion of firemen under the "merit plan" acts manifests a legislative intent to deny the right to notice and a hearing to those firemen demoted under the more general provisions of the statute under consideration. It should be noted that the "merit plan" legislation to which

2. *See, e.g.*, IC 1971, 18-7-8-15; Ind. Ann. Stat. § 48-8515 (Burns 1974 Supp.) (limitation on grounds for appeal from action of the Redevelopment Commission); IC 1971, 19-4-13-8; Ind. Ann. Stat. § 48-4609 (Burns 1974 Supp.) (no appeal from a *de novo* judicial review of a disputed Board of Public Works assessment); IC 1971, 25-9-1-14; Ind. Ann. Stat. § 63-214 (Burns Code Ed.) (no appeal from initial judicial review of State Athletic Commission decisions). Other statutes expressly provide that the decision of the administrative official or tribunal is "final" and that all rights to appellate review are precluded. *See, e.g.*, IC 1971, 6-1-46-8; Ind. Ann. Stat. § 64-1911 (Burns Code Ed.) (precludes any judicial review of certain decisions of the State Board of Tax Commissioners); IC 1971, 6-1-1-25; Ind. Ann. Stat. § 64-1915 (Burns Code Ed.) (precludes appeal from decision of the State Board of Tax Commissioners upon validity of municipal bond issue).

the majority opinion refers is quite limited in scope. These civil service system acts are specifically made applicable to individual municipalities and their provisions are presumably tailored to meet the special needs of particular municipal fire and police departments.[3] On the other hand, the general provisions of IC 1971, 18-1-11-3 apply to the personnel administration policies of all municipal fire and police departments, unless expressly altered by specialized civil service enactments. In light of this general legislative scheme, the majority's assertion that ". . . [i]f IC 18-1-11-3 were to apply to demotions, it would necessarily apply to all demotions and would require . . . hearings that would render superfluous" the "merit plan" demotion procedures appears incorrect. The "merit plan" acts do not constitute mere supplementary legislation. *See State ex rel. Todd* v. *Hatcher* (1973), 158 Ind. App. 144, 301 N.E.2d 766, 769. These enactments radically altered existing personnel administration practices, as to the affected municipalities, in many areas having no connection with demotions. Moreover, the "specific demotion procedures" adopted by the merit plan acts reflect a substantial legislative departure from the general provisions of IC 1971, 18-1-11-3. For example, IC 1971, 19-1-7-6; Ind. Ann. Stat. § 48-6209 (Burns 1974 Supp.), which provides a demotion procedure applicable to firemen in first class cities, empowers the municipal fire chief to demote members of the department prior to any action of the board of public safety. It should also be noted that there is little uniformity among the "merit plan" acts in regard to procedural details applicable to the imposition of personnel sanctions. There are significant

3. *Eg*, IC 1971, 19-1-21-1—19-1-21-9; Ind. Ann. Stat., § 48-6241—48-6249 (Burns 1963) (civil service system for Gary Police Department); IC 1971, 19-1-37.5-1—19-1-37.5-23; Ind. Ann. Stat. § 48-6249a—48-6249x (Burns Supp. 1974) (civil service system for municipal fire departments in Lake County); IC 1971, 19-1-29-1—19-1-29-8; Ind. Ann. Stat. § 48-6250—48-6257 (Burns Supp. 1974) (civil service system for Evansville and Michigan City police departments); IC 1971, 19-1-14-1—19-1-14-26; Ind. Ann. Stat. § 48-6260—48-6285 (Burns Supp. 1974) (civil service system for Muncie and Terre Haute fire and police departments); IC 1971, 19-1-20-1—19-1-20-8; Ind. Ann. Stat. § 48-6286a—48-6286g (Burns Supp. 1974) (civil service system for Fort Wayne police department).

differences among these enactments on such matters as, the identity and composition of the decision-making entity, the form and content of notice, the scope and nature of the initial hearing and the availability of appellate review. *E.g.*, *compare* IC 1971, 19-1-37.5-7; Ind. Ann. Stat. § 48-6249 (h) (Burns 1974 Supp.) *with* IC 1971, 19-1-14-13; Ind. Ann. Stat. § 48-6272 (Burns 1974 Supp.) ; *compare* IC 1971, 19-1-21-3 & 19-1-21-5; Ind. Ann. Stat. § 48-6243 & 48-6245 (Burns 1963) *with* IC 1971, 19-1-7-6; Ind. Ann. Stat. § 48-6209 (Burns 1974 Supp.). The presence of divergent demotion procedures in these quite specialized merit plan statutes can hardly support the majority's sweeping assertion that the legislature has manifested an intent to deprive demoted firemen, who are excluded from the benefits of the merit plan legislation, of basic procedural fairness.

## II.

### *Due Process*

There is an additional reason for my belief that the trial court erred in granting the City of Gary's motion for judgment on the pleadings. I feel that Jenkins' complaint alleges facts sufficient to state a claim under the due process clause of the Fourteenth Amendment. The complaint alleges: that Jenkins was demoted from his position of battalion fire chief to the rank of captain by the Gary Board of Public Safety; that the demotion was arbitrary and capricious in that no evidence was presented nor were any reasons stated to provide a basis for the demotion; and that the demotion was therefore violative of IC 1971, 18-1-11-3 and the Fourteenth Amendment. Thus, the complaint, construed in a fashion most favorable to Jenkins, alleges a deprivation of an interest in "property" protected by the due process clause. At a minimum, IC 1971, 18-1-11-3 operates to confer a limited right to continued employment at the same rank and pay, in the absence of some "good cause" for demotion expressly enumerated in the statute. The statute clearly protects Jenkins from an arbitrary and groundless demotion; Jenkins' statutorily created right to be

free from arbitrary state action adversely affecting his public employment is an interest protected by the Fourteenth Amendment. *Board of Regents* v. *Roth* (1972), 408 U.S. 564, 92 S. Ct. 2701, 33 L.Ed.2d 548; *Perry* v. *Sindermann* (1972), 408 U.S. 593, 92 S. Ct. 2694, 33 L.Ed.2d 570. This conclusion is supported by the decisions of this Court holding that the provisions of IC 1971, 18-1-11-3 are impliedly incorporated in the municipal fireman's contract of employment. *See, e.g., Lipinski* v. *Town of Chesterton* (1972), 151 Ind. App. 109, 278 N.E.2d 302; *Ely* v. *City of Montpelier* (1969), 146 Ind. App. 175, 253 N.E.2d 286.

Jenkins has been deprived of his protected interest in a manner violative of the procedural due process guaranty of the Fourteenth Amendment. Before a person can be deprived of an interest encompassed by the due process shield, he must be afforded notice and an opportunity for some form of hearing prior to the effective date of the deprivation. *Bell* v. *Burson* (1971), 402 U.S. 535, 91 S. Ct. 1586, 29 L.Ed.2d 90; *Boddie* v. *Connecticut* (1971), 401 U.S. 371, 91 S. Ct. 780, 28 L.Ed.2d 113; *Goldberg* v. *Kelley* (1970), 397 U.S. 254, 90 S. Ct. 1011, 25 L.Ed.2d 287. Jenkins' complaint clearly alleges that he was demoted without prior notice and hearing in violation of the Fourteenth Amendment; this alleged constitutional violation was properly within the framework of appellant's motion to correct errors and was adequately briefed. I cannot understand the majority's refusal to discuss this crucial issue.

For the foregoing reasons, I feel that the judgment of the trial court should be reversed and the case remanded to the Gary Board of Public Safety for a hearing on the merits of appellant's demotion. Jenkins should also be awarded any compensation lost as a result of the Board's failure to proceed in accordance with IC 1971, 18-1-11-3 and the Fourteenth Amendment.