**Lester E. SHERIDAN,**
**Plaintiff-Appellant,**

v.

**TOWN OF MERRILLVILLE, Indiana,**
**Defendant-Appellee.**

**No. 3–780A206.**

Court of Appeals of Indiana,
First District.

Nov. 30, 1981.

Rehearing Denied Jan. 12, 1982.

---

1. IC 1971, 35–1–32.5–1 (1980 Burns Supp.).

Milan D. Tesanovich, Willis & Tesanovich, Portage, for plaintiff-appellant.

Gerald K. Hrebec, Fred M. Cuppy, George W. Carberry, Thomas, Burke, Dyerly & Cuppy, Merrillville, for defendant-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Upon his complaint for mandate, restraining order without notice and rein-

statement, plaintiff-appellant Lester E. Sheridan (Sheridan) appeals from a judgment upon a bench trial in the Newton Circuit Court dismissing Sheridan's complaint pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6), for failure to state a claim upon which relief can be granted.

We affirm.

## STATEMENT OF THE FACTS

Sheridan was appointed to the position of Chief of Police of the Merrillville, Indiana Police Department on January 10, 1973, by the Board of Metropolitan Police Commissioners of the Town of Merrillville (Commissioners). Subsequently, the Board of Trustees of the Town of Merrillville (Town Board) approved Sheridan's appointment as Chief of Police.

On December 13, 1979, the Commissioners removed Sheridan as Chief of Police and reinstated him to his former rank and position of Captain while his salary remained unchanged. Then, on December 27, 1979, the Town Board unanimously approved the appointment of E. Donald Markle as acting Chief of Police. Following a trial to the court and in its amended order, the trial court concluded as follows:

"The Court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted. The power to remove the Police Chief is in the Metropolitan Board of Police Commissioners and the statutory due process provisions do not apply to replacement of a Police Chief. Furthermore, there is no statutory right to retain the position of Chief of Police.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Plaintiff's complaint be dismissed pursuant to Trial Rule 12(B)(6).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Summary Judgment be denied."

## ISSUES

Sheridan presents four arguments granting him a right to a continued tenure as police chief which we restate as follows:

I. The Chief of Police is exempt from discipline or removal by the Board of Metropolitan Police Commissioners pursuant to Ind.Code 18–1–11–3 for any reason, and the action of the Police Commissioners violates his rights;

II. A Police Chief must be given notice and hearing for cause before he can be removed as chief pursuant to Ind.Code 19–1–25–2, and such requirement grants him a property right in the office of Chief of Police.

III. The requirement that his appointment as chief be approved by the Town Board vests in the Town Board final authority to appoint the chief and the Town Board, conversely, has the sole power to remove him, with or without cause.

IV. Town ordinances and police department regulations provide that a Chief of Police can only be removed for cause, which creates a property right protected by the due process clause of the Fourteenth Amendment of the Constitution of the United States.

All of said arguments are interrelated in Sheridan's brief, and, therefore, we will discuss them together.

## DISCUSSION AND DECISION

■ The case comes to us upon the contention by Sheridan that the trial court erred in concluding that he failed to state a claim upon which relief can be granted. In reviewing a dismissal of a complaint, the Court of Appeals must determine whether, in a light most favorable to plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claims. *Morris v. City of Kokomo*, (1978) Ind.App., 381 N.E.2d 510; *Pruden v. Trabits*, (1977) Ind.App., 370 N.E.2d 959.

■ *Town of Speedway v. Harris*, (1976) 169 Ind.App. 100, 346 N.E.2d 646, and

its progeny, establish that where a statute or ordinance affirmatively creates an expectation that a particular employment relationship will continue unless and until certain defined events occur, such interest is a property right which is protected by the due process clause of the Fourteenth Amendment to the Constitution of the United States. Such interest and claim of entitlement must be more than an abstract desire or unilateral expectation; the claimant must have a legitimate claim of entitlement.

Sheridan bases his claim of entitlement to continued employment as Police Chief upon Ind.Code 19–1–25–1 through Ind.Code 19–1–25–4, and certain ordinances enacted by the Town Board implementing the statutes. Under those statutes, the Town of Merrillville created a Board of Metropolitan Police Commissioners to operate the police department. Ind.Code 19–1–25–2 establishes the powers of that Board as follows:

"The board of metropolitan police commissioners of any town of this state shall have the power to appoint, subject to the approval of the town board, as many persons as necessary to serve on the police force of such town, one (1) of whom shall be appointed to serve as the chief of the police force. Insofar as is consistent with the standards and prerequisites of employment determined by the commissioners, not more than half (½) of such persons shall be members of the same political party. The commissioners shall also have the power to appoint such other employees as are necessary to carry on the work of the police department, including merchant and special patrolmen as provided in chapter 59 [19–1–33–1—19–1–33–13] of the Acts of 1897, as amended. Such commissioners shall fix and determine the compensation to be paid to members of the police force and other employees in such amount as will be just and reasonable and in compliance with any law of the state of Indiana governing such compensation or salary. All persons so appointed shall serve during good behavior, [and] shall be of good moral character. Such commissioners shall have the power for cause assigned on a public hearing and on due notice according to rules to be promulgated by them to remove or suspend from office, or for a definite period, deprive of pay any member or officer of the police force: Provided, however, That any member of such police force who shall be dismissed or suspended therefrom for any period in excess of thirty (30) days shall have the right of appeal to the circuit court of the county in which such town is located from such decision of dismissal or suspension by said board, all as provided in chapter 282 [18–1–11–3] of the Acts of 1935 of the general assembly of the state of Indiana. Such commissioners shall have the power to make general and special rules and regulations for the government and discipline of said police force and to make and promulgate special and general orders to said force through the chief of the department who shall be the executive head of the department."

Section 4 of Town Ordinance No. 72–15 requires the Commissioners, before entering upon their respective duties, to take and subscribe an oath that

". . . in any and every appointment or removal to be made by them, to or from the police force created and to be organized by them under the provisions of law, they shall in no case and under no pretext appoint or remove any policeman, officer or police, or any other person because of political affiliation, or for any cause or reason other than that of fitness or unfitness of such person. . . ."

Demotion from rank is protected by Fourteenth Amendment due process guarantees only if the entitlement is found in the statute or ordinance under which the entitlement is claimed. *Smulski v. Conley*, (N.D.Ind.1977) 435 F.Supp. 770, 772; *Jenkins v. Hatcher*, (1975) 163 Ind.App. 95, 322 N.E.2d 117. Removal under the police merit statutes does not comprehend demotion. *Jenkins, supra.* However, even where an ordinance requires cause for demotion, thereby creating a claim of entitlement with Fourteenth Amendment protection un-

der *Jenkins* and *Smulski*, such entitlement does not apply to the Chief of Police. *State ex rel Warzyniak v. Grenchik*, (1978) Ind. App., 379 N.E.2d 997. The ordinance in *Warzyniak*, upon which the claim to entitlement to continuation in grade rested, was in part as follows:

"'Policemen who have been appointed permanently to the Police Department may be discharged or suspended without pay, or demoted or reduced in rank or fined for the following reasons[.]'"

379 N.E.2d at 999. The court held that since the mayor had the power to appoint the chief, he, conversely had the power to replace the chief. Furthermore, the chief was not entitled to continue as chief either by the terms of the ordinance, the statute (Ind.Code 18–1–11–3 in this instance) or by Fourteenth Amendment guarantees. The Police Chief, however, could not be reduced to a rank lower than he held prior to the position of chief without a hearing for cause.

■ Indiana Code 19–1–25–2 provides that "[a]ll persons so appointed shall serve during good behavior ..." and that the Commissioners "shall have power for cause assigned ... to remove or suspend from office ... any member or officer of the police force." The ordinance is of similar import. We find no language in the statutes or ordinance that would distinguish this case from *Warzyniak*, and give Sheridan an entitlement to continuation in the rank of Chief of Police. The term "remove" is not equated to reduction in rank under *Jenkins, supra.*

Traditionally, the Chief of Police is an appointive, policy-making office, usually filled by the executive, and that office generally has been exempted from the operation of removal and reduction-in-rank statutes. *See Jenkins, supra,* for analysis. We are unpersuaded that in this instance any intendment of the legislature exists to create an exception to that general policy by installing a police chief for life. The various police merit plan statutes are unanimous in their intendment to the contrary. *See Jenkins, supra.*

■ One argument remains. Sheridan maintains that since the power of the Commissioners to appoint a chief is subject to the approval of the Town Board under Ind. Code 19–1–25–2, final authority to remove the chief, with or without cause, rests also in the Town Board. We first note that the Town Board has acquiesced in the action of the Commissioners by approving Sheridan's successor. However, we desire to place our decision on other grounds. Sheridan cites no authority to support this position except the statute. The statute grants the Commissioners exclusive authority to operate and discipline the police department. They have power to appoint other personnel, and to determine regulations, compensation, discipline, suspensions and removal. In short, the Town Board's authority is limited to the approval of the original appointment.

Article 15, Sec. 2, of the Constitution of Indiana provides:

"When the duration of any office is not provided for by this Constitution, it may be declared by law; and, if not so declared, such office shall be held during the pleasure of the authority making the appointment."

*See also State ex rel Manlove v. Curtis,* (1913) 180 Ind. 191, 102 N.E. 827. It has been held that the power of removal is not included with the power of approving an appointment made by another person, 67 C.J.S. *Officers* § 118.

■ We are of the opinion that the plain intent of Ind.Code 19–1–25–2 is that the Commissioners have plenary power to operate the police department including reducing the chief to his former rank. Excepted is the one provision giving the Town Board the power to approve the number of personnel appointed and all original appointments. Since the Town Board appoints the Commissioners under Ind.Code 19–1–25–1, its control of the police department is indirect, and it was not intended that the Town Board would be involved in the actual operation of the department. Such result also is compatible with the At-

torney General's opinion, 1975 Op. Att'y Gen. No. 31.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.